CITY OF WICHITA FALLS FOR USE AND BENEFIT OF L. E. WHITHAM & CO. v. L. M. CRUNK WILLIAMS ET AL.

No. 5571. Decided April 9, 1930.
(26 S. W., 2d Series, 910.)

164

*Milburn E. Nutt* and *R. Wayne Frank,* for appellant.

The special assessment levied by the city of Wichita Falls against the homestead property herein, for paving the street abutting the homestead property in this case, is a "tax" within the meaning, confines and purview of the word "taxes" as used in the excepting clause "except the taxes due thereon" in the homestead provisions of the Texas constitution, namely: Sections 50 and 51 of article 16, of said constitution, and the trial court erred in not so holding and adjudicating.

In the homestead provisions, the word "debt" or "all debts" can never be construed to include any species of property taxes under the exception clause "except the taxes due thereon." Potter's Dwarris on Statutes and Constitutions, 189; Sedgwick on Statutory and Constitutional Law, p. 247; Sutherland on Statutory Construction, par. 283–284, pp. 368–369; 12 C. J., par. 55, p. 707; 6 R. C. L. par. 42, p. 48; Rock Island Plow Co. v. Allen, 111 S. W., 973;

Campbell v. Honaker Heirs, 166 S. W., 74; Whitman v. Burkey, 282 S. W., 788; Sturges v. Crowninshield, 4 Wheat., 202; 17 C. J., p. 1371; McNeal v. Enco, 33 S. W., 322; Barber v. City of East Dallas, 18 S. W., 438; Bonaparte v. State, 63 Md., 465; 12 C. J., p. 1375; City of San Antonio v. Toepperwein, 133 S. W., 416; Sutherland on Statutory Construction, par. 268–277, pp. 351–359; Sedgwick on Statutory and Constitutional Law, p. 423; McCulloch v. State of Maryland, 4 Wheat., 420; Ogden v. Saunders, 12 Wheat., 354; Taylor v. Boyd, 63 Texas, 533; Lufkin v. Galveston, 58 Texas, 545; Cooley on Taxation (4th Ed.), Vol. 1, par. 22, p. 88; 37 Cyc., p. 710; Liberty Mut. Ins. Co. v. Johnson Shipyards Corp., 6 Fed., (2d) 755, par. 4; Peter v. Parkinson, Ann. Cas., 1912 A, 753; Fennegan v. City of Fernandina, 15 Fla., 379, 21 Amer. Rep., 294; Bailies v. City Council of Des Moines, 127 Iowa, 124; Colby v. City of Medford, 167 Pac., 500; Hedge v. City of Des Moines, 141 Iowa, 4.

A "special assessment tax" is such a "tax" as is comprehended in the clause "except the taxes due thereon." Taylor v. Boyd, 63 Texas, 541; Cooley on Taxation, (4th Ed.), Vol. 1, par. 1, pp. 61, 72, pars. 1–18; People ex rel. Griffin v. Brooklyn, 4 N. Y., 419; Dalrymple v. Milwaukee, 10 N. W., 141; Judson on Taxation, (2d Ed.), p. 415, par. 392; Cooley on Taxation (4th Ed.), Vol. 1, par. 31, p. 106; 25 R. C. L., p. 85, par. 3; 25 R. C. L., p. 82, par. 2; Gray on Limitation of Taxing Power and Public Indebtedness (1906) par. 1839, p. 942, par. 1841, p. 934; Sargent v. Tuttle, 67 Conn., 162; Emery v. San Francisco Gas Co., 28 Cal., 345; Garrett v. City of St. Louis, 25 Mo., 505; Adams v. Quincy, 6 L. R. A., 155; Raleigh v. Peach, 17 L. R. A., 330; Ralph v. Fargo, 42 L. R. A., 646; Nichols v. City of Bridgeport, 60 Am. Dec., 636; Wilson v. City of Medford, 215 Pac., 191; Seattle v. Hill, 14 Wash., 487; Elliott on Roads and Streets, (2d Ed.), par. 599, p. 627; Baldwin v. Moroney, 173 Ind., 574; Colby v. City of Medford, 167 Pac., 500; Chicago Ry. Co. v. Kansas City Ry. Co., 88 Pac., 1086; Hedge v. City of Des Moines, 119 N. W., 283; Emery v. San Francisco Gas Co., 28 Cal., 354; Mayor of Hagerstown v. Startzman, 49 Atl., 839; Cooley on Taxation, (4th Ed.), Vol. 1, par. 57, p. 149; People ex rel. Griffin v. Mayor, 4 N. Y., 419; Weeks v. Milwaukee, 10 Wis., 200; 25 R. C. L., par. 3, p. 85; Cain v. City of Tyler, 261 S. W., 1020.

Special Assessment taxes are not such kind of taxes as are referred to in Constitutional provisions which on their face show that

they have reference or are restrictive only to ad valorem taxes. McQuillin, Municipal Corp. (2d Ed.), Vol. 5, par. 2169, p. 586; Warren v. Henly, 31 Iowa, 44; Roundtree v. Galveston, 42 Texas, 612; McQuillin Municipal Corp., (2d Ed.), Vol. 5, par. 2168, p. 585; 25 R. C. L. par. 7, p. 92; Taylor v. Boyd, 63 Texas, 533; Mayor v. Green Mount Cemetery, 7 Md., 517; 25 R. C. L., par. 37, p. 12; McQuillin Municipal Corp., (2d Ed.), par. 2218, p. 701; Harris County v. Boyd, 7 S. W., 712.

The Legislature of the State of Texas, has all Sovereign power of legislation and taxation, except as has been limited or restrained by the Constitution of this State. 25 Rul. Cas. Law, par. 4, p. 86; 35 L. R. A., 58; Cooley on Taxation, (4th Ed.), Vol. 1, par. 57, p. 149; Birmingham v. Klein, 89 Ala., 461; Cooley on Const. Lim. 479; Burroughs on Taxation, 145; 2 Dillon on Mun. Corp., sec. 737; Irwin v. Mobile, 57 Ala., 6; Dorman v. State, 34 Ala., 231; Hare v. Kennerly, 83 Ala., 608; Cooley on Constitutional Limitations, (8th Ed.), Vol. 2, p. 986–999; Cooley on Taxation (4th Ed.), par. 71, p. 176; 26 R. C. L., par. 12, p. 26; 26 R. C. L. p. 13, p. 27; Providence Bank v. Billings, 4 Peters, 514; McCulloch v. Maryland, 4 Wheat., 428; State v. City of Ely, 151 N. W., 545; Taylor v. Boyd, 63 Texas, 542; Weeks v. Milwaukee, 10 Wis., 200; Emery v. San Francisco Gas Co., 28 Cal., 354; Daily v. Swope, 47 Miss., 385.

Words used in Constitutional provisions must always be generically or broadly construed. Potter's Dwarris on Statutes and Constitutions, 196; Story on the Constitution, Vol. 2, (3rd Ed.), par. 419, 422, 423, 424; Sedgwick on Statutory and Constitutional Law, 360; Sutherland on Statutory Construction (2d Ed.) Vol. 1, p. 133; McCulloch v. State of Maryland, 4 Wheat., 407, 17 U. S., 60; Hylton v. United States, 3 Dallas, 174; Gibbons v. Ogden, 9 Wheat., 186, 191; McCulloch v. Maryland, 4 Wheat., 420, 17 U. S., 605; McCulloch v. Maryland, 4 Wheat., 406, 17 U. S., 604; Providence Bank v. Billings, 4 Peters, 561, 29 U. S., 956; Walcott v. People, 17 Mich., 82; City of Denison v. Municipal Gas Co., 257 S. W., 619; State v. Mace, 5 Md., 350; Manly v. State, 7 Md., 135; Sturges v. Crowninshield, 4 Wheat., 202; Ogden v. Saunders, 12 Wheat., 354; Taylor v. Boyd, 63 Texas, 533; Lufkin v. Galveston, 58 Texas, 545; County of Harris v. Boyd, 70 Texas, 241.

The authorities of other states one and all hold that in a Constitutional Provision protecting the homestead for all "debt" a special assessment is a "tax" generically considered, and that it can be levied

on the homestead, all such cases following Lufkin v. Galveston, on principle and constitutional construction. Perine v. Forbush, 97 Cal., 305; Nevin v. Allen, 26 S. W., 180; Robinson v. Levy, 217 Mo., 498; Todd v. City of Atchison, 59 Pac., 676; Comm'rs. of Ottawa Co. v. Nelson, 19 Kan., 240; Petterson v. Wallace, 147 Pac., 1034; Ahern v. Board of Imp. Dist., 69 Ark., 68, 61 S. W., 575; Shibley v. Ft. Smith, 132 S. W., 444; Lamar v. Sheppard, 80 Ga., 25; L. R. A., 1915 E, p. 662; Reed v. Mayor of City of Athens, 240 S. W., 439; Lufkin v. Galveston, 58 Texas, 550; Taylor v. Boyd, 63 Texas, 542.

The following city attorneys, by leave of the court, filed brief and argument as amici curiae, in support of appellants, asking that the case of Higgins v. Bordages be overruled. *Rhinehart E. Rouer,* Ft. Worth, *J. H. McBroom,* El Paso, *Thomas D. Cobbs,* San Antonio, *J. J. Collins,* Dallas, *R. C. Johnson,* Amarillo, *J. Bouldin Rector,* Austin, *Bryan Williams,* Galveston, *J. B. Morris,* Beaumont, *John McGlasson,* Waco, *William V. Brown,* Texarkana.

*Black & Graves* joined counsel for appellants in a brief and argument in support of a motion for rehearing, which was overruled.

*W. E. Wilson (Chas. I. Francis,* of counsel) for appellees.

This property being homestead property, no mechanic's lien or materialman's lien being executed by the owners, the pavement company could not acquire a lien against this property for the improvements made thereon in the nature of pavement in front of the house, although such lien was fixed under the paving laws by an ordinance of the City Council of the City of Wichita Falls. A pavement assessment cannot be made a tax by simply calling it a tax. Our Constitution inhibits the forced sale of a homestead except for the payment of taxes due thereon. A special improvement paving assessment is not such a tax as that it becomes a lien upon homestead property by virtue of which such property can be sold in order to pay the assessment. Higgins v. Bordages, 31 S. W., 52, 803, 88 Texas, 458, 53 Am. St. Rep., 770; Hutcheson v. Storrie, 92 Texas, 685, 51 S. W., 848, 45 L. R. A., 289, 71 Am. St. Rep., 884; City of Cisco v. Varner, 16 S. W., (2nd) 265; Eubanks v. City of Ft. Worth, 173 S. W., 1003; Ward, Tax Col. v. McKee, 266 Pac., 466 (Okla.).

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

The City of Wichita Falls is incorporated under the Home Rule Amendment to the Constitution and legislative Acts with reference thereto, including the Street Improvement Act, which it has adopted. The case is in the Supreme Court on certified questions. The primary question to be determined is whether or not a special assessment for street improvements is included within the word "taxes" in the excepting clause of Section 50, Article 16, the homestead section of the Constitution. It is admitted that this Court in the case of Higgins v. Bordages, 88 Texas, 458, held that such assessments were not included, and that no lien existed against a homestead for their collection. We are asked to overrule this case because it is unsound or has been rendered ineffective or invalid by some subsequently adopted constitutional provision. Judge Brown, in the case named, has so well stated the reasons for the decision, that but for the fact that this case is before us on certified questions we would not deem it necessary to write at length on the subject. However, out of deference to the Court of Civil Appeals, and the earnestness with which the question has been presented, we have reviewed the subject, and will now state our conclusions.

Article 8 of the Constitution is the one which treats generally of taxation and revenue. There is not to be found in this Article, nor in any other in the Constitution (aside from the Conservation Amendment), any specific reference to that form of taxation known as special assessments, and if any of the constitutional provisions with reference to taxation are held to apply to such assessments, or to authorize them, it must be by construction or interpretation. The Conservation Amendment to the Constitution, Article 16, Section 59, has been held to authorize the Legislature to provide for this form of taxation in the creation of Conservation Districts. Dallas County Levee District No. 2 v. Looney, 109 Texas, 326; Wilmarth v. Reagan, 242 S. W., 726 (Comm. App.); Preston v. Anderson County Levee Imp. District No. 2, 261 S. W., 1077 (Writ Refused). This Amendment, however, from the nature of its objects and purposes, applies to all lands within the area to be affected, and in express language declares a lien to secure the taxes levied. Preston v. Anderson County Levee Imp. District, and other authorities supra. It in no way affects the subject matter of this opinion, and what may be said here has no application to controversies involving that amendment and statutes enacted thereunder.

We believe all the authorities agree that local assessments or special taxes for the payment of the cost of certain kinds of improve-

ments commonly prevail and are generally sustained under the exercise of the power of taxation, although the judicial view is sometimes expressed that the levying of special assessments for certain classes of improvements is an exercise of the police power.  McQuillin on Municipal Corporations, 2d Ed., Vol. 5, Sec. 2165; 25 Ruling Case Law, p. 85, Sec. 3; Cooley on Taxation, 4th Ed., Vol. 1, Sec. 31, p. 107.  All the authorities agree that local or special assessments differ from general taxes; that they are not "taxes" as that word is generally understood.  Special assessments, as distinguished from other kinds of taxation, are those special and local impositions upon the property in the immediate vicinity of municipal improvements which are necessary to pay for the improvements, and are laid with reference to the special benefit which the property is supposed to have derived therefrom.  McQuillin on Municipal Corporations, Vol. 5, 2d Ed., Sec. 2165, p. 570; Cooley on Taxation, 3d Ed., p. 1153; Cooley on Taxation, 4th Ed., Vol. 1, Sec. 31, p. 105; 25 Ruling Case Law, p. 88, Sec. 5, p. 90, Sec. 7; Dallas County Levee Improvement District No. 2 v. Looney, 109 Texas, 326, 332.

Illustrative of the general rule stated are holdings of various courts.  For example, it is generally held that constitutional provisions similar to our own, providing for equal and uniform taxation, taxation in proportion to value, exempting certain property from taxation, and limiting the amount of ad valorem taxes which may be levied by municipalities, have no application to taxes levied by special assessment.  Page on Taxation by Assessment, Vol. 1, Sec. 43; Dillon on Municipal Corporations, 5th Ed., Vol. 4, Sec. 1433; Higgins v. Bordages, 88 Texas, 458; Taylor v. Boyd, 63 Texas, 533; Roundtree v. Galveston, 42 Texas, 612; Cooley on Taxation, 4th Ed., Vol. 1, Sec. 31, p. 108; McQuillin on Municipal Corporations, 2d Ed., Vol. 5, Secs. 2215, 2216, 2217, 2218; Dillon on Municipal Corporations, 5th Ed., Vol. 4, Sec. 1444; Page on Taxation by Assessment, Vol. 1, Sec. 42; Page on Taxation by Assessment, Vol. 1, Sec. 47; 25 Ruling Case Law, p. 89, Sec. 5; City of Austin v. Nalle, 102 Texas, 536, 539; Taylor v. Boyd, 63 Texas, 533, 540, 541, 542.  In fact, the authorities with practical unanimity hold that the word "taxes," as used in the general provisions of State Constitutions, refers to ordinary ad valorem taxes only, and does not embrace special assessments.

In Page on Taxation by Assessment, Vol. 1, Sec. 39, the rule is stated as follows:

"Term 'tax' prima facie excludes local assessment.

"Since there is this important and fundamental distinction between the tax in the more limited sense and the local assessment, the question often arises whether provisions in constitutions and statutes which refer by name to taxes, include also local assessments. This is primarily a question of legislative intention. In the absence of anything to show the specific intention of the legislature, the general rule is that the local assessment possesses such marked peculiarities differentiating it from the tax in the more limited sense of the term, that the use of the term 'tax' does not *prima facie* show an intention to include local assessments."

Judge Cooley in his work on Taxation, 4th Ed., Vol. 1, Sec. 31, in a similar manner thus states the rule:

"The power to levy such assessments is undoubtedly an exercise of the taxing power, *but the exercise of the taxing power in imposing an assessment does not necessarily make the assessment a tax.*

"It is not within the scope of this work to state the law relating to special assessments. They are governed by principles that do not apply universally to taxation and which require separate consideration. For the reason that the scope of this work does not include such assessments, it is deemed unnecessary to consider in detail whether the word 'tax' or 'taxes' or 'taxation' as used in the constitutions and statutes includes special assessments. *Suffice it to merely state that ordinarily special assessments are not within the meaning of such words as used in the constitutions or statutes, at least unless coupled with more general words."* (Italics ours.)

In McQuillin on Municipal Corporations, 2d Ed., Vol. 1, Sec. 2165, it is stated:

"Local assessments or special taxes for the payment of the cost of certain kinds of public improvements commonly prevail and are generally sustained under the exercise of the power of taxation. They have no relation to the exercise of the power of eminent domain, and hence constitutional provisions respecting this right have no application. They differ also from general taxes. An assessment as distinguished from other kinds of taxation, are those special and local impositions upon the property in the immediate vicinity of municipal improvements which are necessary to pay for the improvement, and are laid with reference to the special benefit which the property is supposed to have derived therefrom. *Provisions relating to taxation generally are uniformly held not applicable to local assessments or special taxation for improvements."* (Italics ours.)

We shall refer to some of the provisions of our Constitution which use the words "tax" or "taxes," in order that we may deter-

mine whether or not these words, when so used, apply to or affect special assessments levied for the improvement of streets in cities such as Wichita Falls. (All italics ours.)

Section 1 of Article 8 provides that *"taxation shall be equal and uniform,"* and that property shall be *"taxed in proportion to its value."* Section 18 of Article 8 in the equalization of taxes makes provision for the classification of lands *"with reference to their value."* Sections 4 and 5 of Article 11, relating to the incorporation of towns and cities, fix an ad valorem limit of taxation for cities of each class, and declare that "no tax for any purpose shall ever be lawful" which exceeds the rate named. Section 15 of Article 8 declares: "The *annual assessment* made upon landed property shall be a special lien thereon." Other sections of the Constitution, relating to "taxes" or "taxation," particularly Sections 48 and 52 of Article 3, and Section 9 of Article 8, are referred to in some of the opinions cited by us, but we deem it unnecessary to quote from them.

The Homestead Section of the Constitution, Section 50 of Article 16, in so far as here involved, reads:

"The homestead of a family shall be, and is hereby, protected from forced sale for the payment of all debts, except for the purchase money thereof, or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon, and in this last case only when the work and material are contracted for in writing, with the consent of a wife given in the same manner as is required in making a sale and conveyance of the homestead." * * *

An examination of our own cases, in the light of the constitutional provisions referred to above, plainly shows that the rule in this State is the same as that declared by the authorities which we have cited and quoted.

In the case of Taylor v. Boyd, 63 Texas, 533, this Court had before it the question as to whether or not the limit of ad valorem taxes fixed by Section 5 of Article 11 of the Constitution has any application to special assessments. The Court, in an opinion by Associate Justice Stayton, held it had no application, that the words "tax," "taxes," and "taxation" as used in the Constitution, without some qualifying word in reference to property, mean ad valorem tax, taxes, or taxation. In part Judge Stayton said:

"If section 5, article XI, of the constitution has application to assessments for local improvement, then the assessment by force of that section would be invalid under the averments of the answer;

for, within itself, it would amount to more than the charter of the city permits it to collect, the legislature having limited its general power of taxation to the levy and collection of a tax less than the maximum tax permitted by the constitution.

"It then becomes necessary to inquire whether the section of the constitution referred to applies to assessments of the character of that involved in this case.

"This section of the constitution bears evidence that it has reference to such taxes as are annually collected for the ordinary purposes of municipal government—to taxes based upon an estimation of the value of the entire taxable property in a city, from which an estimate is made of the per cent. of taxation, on this value, which will raise the sum necessary to be raised to meet the current annual want.

"Assessments are not of that character, but are charges imposed for purposes which do not necessarily require that they be imposed annually, or with reference to time; nor are they usually based upon a percentage of the value of the taxable property of a city, but upon the real or supposed benefit resulting from the improvement of the property on which the specific charge is laid; nor does the value of all the taxable property of a city in any way serve to determine the extent of the charge which shall be imposed on property benefited.

"The word 'taxes' is defined as 'the enforced proportional contribution of persons and property levied by authority of the state for the support of government and for all public needs.'

"As thus defined, assessments are or may be taxes, but do the provisions of the constitution of this state embrace assessments in the limitations imposed on the power of taxation?

"*The words 'tax,' 'taxes' and 'taxation,' as used in the constitution, without some qualifying word in reference to property, evidently mean an ad valorem tax, taxes or taxation.* Section 1, article 8, declares that 'all property in this state, whether owned by natural persons or corporations, shall be taxed in proportion to its value,' and to this the preceding provision, that 'taxation shall be equal and uniform,' applies.

"It also declares that 'the legislature may impose a poll tax,' and that 'it may also impose occupation taxes,' and that 'it may also tax incomes'; but all these methods of taxation are subject to the rule requiring equality and uniformity, which, in reference to occupation taxes, is regulated by the class of subjects taxed. *Such being the use of the words in article 7 (8) of the constitution, when in no*

*way qualified, it is to be presumed that they are used in the same sense in article 11.*

"The words, when 'found in article 11; must refer to such taxation as the rule of equality and uniformity can, under well settled and long recognized rules, be applied to. It is also to be presumed, when similar language was found in former constitutions, that it was intended to use the same language in the present constitution in the sense which had been given to it in the courts of the state. The language used in the constitution preceding the one now in force was in most respects identical with that used in the present, and, prior to its adoption, it was settled that taxes for local improvements, usually termed assessments, were not subject to the rule requiring equality and uniformity. Roundtree v. City of Galveston, 42 Tex., 626.

"It must then be held that as the taxes referred to in the constitution, and upon which limitations are placed, are all taxes subject to the rule of equality and uniformity, that assessments for local improvement of streets and like works, by which benefit results to contiguous property, are not embraced in the limitations found in the constitution as to the amount of the charge which may be imposed for such purpose, unless such assessments are embraced in the language used.

"It is well settled that the rule that 'taxation shall be equal and uniform' has not been, and in the nature of things cannot be, applied to such local assessments. Roundtree v. City of Galveston, 42 Texas, 626; Allen v. Galveston, 51 Texas, 320; Cooley on Taxation, 444, 446; Dillon on Mun. Corp., 777, 778, 755, et seq.

"The result of the cases bearing upon the question whether, under the words 'tax,' 'taxes' and 'taxation,' assessments for local improvements are embraced, is thus stated: 'Some of the cases assume the narrow ground that the constitutional provisions refer solely to state taxation, or that, if they go further, to the general taxation for state, county and municipal purposes; *but the view generally expressed is, that though assessments are laid under the taxing power, and are in a certain sense taxes, yet that they are a peculiar class of taxes and not within the meaning of that term as it is usually employed in our constitutions and statutes.'* Cooley on Taxation, 446." (Italics ours.)

In the case of Roundtree v. City of Galveston, 42 Texas, 612, 625, this Court, in an opinion by Justice Moore, had previously said:

"That the authority for making assessments for local improvements is derivable from and in exercise of the taxing power, and not that of eminent domain, can not, we think, admit of question. (People v. Mayor, etc., of Brooklyn, 4 N. Y., 419). If then, this charge against appellant for one-third of the cost of improving the street on which his lot fronts is to be regarded as a property tax within the meaning of the Constitution (Article 12, Section 19), it must be held invalid because it is not contemplated by the charter authorizing it, and, in fact, is not susceptible, under the ordinance by which it is made, of being assessed as a property-tax for general revenue as required to be by the Constitution. (Article 12, Section 28). We cannot hesitate to say, however, that it has been so frequently decided, that there can be no question that *it is now clearly settled by the great weight of authority, that the constitutional provisions having reference to taxes for general revenue are not applicable to assessments like this for local improvements.*" (Italics ours.)

In the case of Eubank v. City of Fort Worth, 173 S. W., 1003, 1004, in which a writ of error was refused, Chief Justice Conner correctly stated the rule as follows:

"It is definitely settled, in the authorities of this state, *that an assessment of the kind under consideration is not a tax, within the meaning of our state Constitution.* It is merely a special assessment that may be authorized to the extent that property is benefited by the improvement." (Italics ours.) See also Allen v. Galveston, 51 Texas, 302; City of Cisco v. Varner, 16 S. W., (2d), 265, (Com. App.).

We have referred to the constitutional provisions with reference to the power of taxation on the part of both classes of cities chartered under the Constitution and laws of the State. In each of them it is declared, as shown above, that "no tax for any purpose shall ever be lawful for any one year which shall exceed" the percentage or rates specified in the Section. It is obvious that if we were to hold that special assessments are "taxes" within the meaning of these special provisions, then special assessments would be limited in amount by the very terms found in the Constitution, and the improvement of the streets of our cities would be practically at an end. However, it was long ago decided that the words "tax," "taxes," and "taxation," as thus used in the Constitution, apply to ad valorem taxes or taxation only. In other words, special assessments do not come either within the constitutional grant of or limita-

tion in these provisions with reference to cities; and, as we have seen, they are not to be governed by the first Section of Article 8 of the Constitution, the taxation and revenue Article of that instrument. Section 15 of Article 8 is the one which provides for tax liens. That Section, in part quoted above, states that the *"annual"* assessment made upon the land and property shall be a special lien thereon, etc. Obviously it has no application to special assessments, which are not annual assessments, to provide a continuous revenue, but are rather periodical levies made only occasionally as required. Page on Taxation by Assessment, Sec. 35, pp. 61, 62; Dillon on Municipal Corporations, 5th Ed., Vol. 4, Sec. 1430; see also Taylor v. Boyd, supra. Section 18 of this Article provides for the equalization of taxes, and authorizes the classification of all lands "with reference to their value in the several counties." This plainly has no reference to special assessments, for the reason that the value of lands has no particular bearing on the taxes which may be laid by special assessment. Authorities supra; Taylor v. Boyd, 63 Texas, 533, 540. This Court has held in Higgins v. Bordages, supra, that the Exemption Section of the Constitution, Section 2, of Article 8, does not have the effect to exempt the properties there named from special assessments, which is the general rule throughout the country. 25 Ruling Case Law, p. 124, Sec. 40; McQuillin on Municipal Corporations, 2d Ed., Vol. 5, Sec. 2215, p. 72.

It is true that the Commission of Appeals in the case of County of Harris v. Boyd, 70 Texas, 237, stated there was no apparent reason why the exemptions from "taxation" in the Constitution should not be taken to include special assessments. However, the constitutional provision before the Court in that case was Section 9 of Article 8, which contains other words coupled with the word "taxation," which warranted the interpretation given. Besides, the decision in the Boyd Case was obviously correct on other grounds, some of which were stated in the opinion, and some of which are found in the general rules of law applicable to the taxation of public property. McQuillin on Municipal Corporations, 2d Ed., Vol. 5, Sec. 2212.

So, on the whole, we think it clear that the special taxation Article of the Constitution was not intended in any way to define, govern, or limit the subject of special assessments. The power of the Legislature to authorize the levying of special assessments for the improvement of property is one which it has by reason of its reserved legislative power, against which we find no specific limita-

tion in the Constitution, except the usual constitutional guaranties of due process, equal protection of the laws, etc. Taylor v. Boyd, 63 Texas, 533, 542; Storrie v. Street Ry. Co., 92 Texas, 129, 139; Eubank v. City of Fort Worth, 173 S. W., 1003 (Writ Refused) ; 25 Ruling Case Law, p. 86, Sec. 4; Page on Taxation by Assessment, Vol. 1, Secs. 103, 86; McQuillin on Municipal Corporations, 2d Ed., Vol. 5, Sec. 2167.

From a review of the authorities we think it settled law that the words "tax" or "taxes" used in the Constitution, in the absence of words indicative of a different meaning, are to be interpreted as applying to the usual and ordinary taxes authorized, defined, and more or less regulated by that instrument, and that they do not embrace special assessments provided for by the Legislature under its reserved legislative power and by virtue of its general authority to create or authorize the creation of municipal corporations, which from time immemorial have been given authority to exercise this power. Moreover, we are constrained to adhere to the holding made in Higgins v. Bordages, not only because of the soundness of that opinion, but because for many years it has been followed, by this and other courts, and has become the established law of the land, with reference to which property has been purchased, contracts entered into, and improvements made. Storrie v. Cortes, 90 Texas, 283; Storrie v. Street Ry. Co., 92 Texas, 129; City of Dallas v. Atkins, 110 Texas, 627, 631; City of Dallas v. Atkins, 197 S. W., 593, 601; Lovenberg v. City of Galveston, 17 Texas Civ. Appls., 162, 42 S. W., 1024 (Writ Refused) ; City of Beaumont v. Russell, 51 Texas, Civ. Appls., 351, 355, 112 S. W., 950 (Writ Refused) ; City of Huntsville v. Mayes, 271 S. W., 162. In addition, subsequent to the rendition of that opinion, which was in 1895, the taxation sections of the Constitution with reference to the power which might be conferred upon municipalities were amended. The amendments, which constitute the present sections of the Constitution previously quoted in part, were adopted in 1909 and 1912, respectively. These amendments fixed the limit of taxation in substantially the same language as the provisions of the Constitution which were in effect when the opinion in Higgins v. Bordages was rendered, except that the rate of taxation was raised in each instance. Harris' Annotated Constitution, pp. 646, 650. Since these amendments embraced the subject of taxation on the part of cities, and concerned the power of the Legislature to authorize cities to levy taxes, it is obvious that their readoption in substantially the

same language as that originally employed must be construed as an adoption of the declaration in Higgins v. Bordages, and other cases, that the power to levy special assessments was not dependent upon nor limited by the ad valorem provisions of the Constitution, but existed outside of and in addition to that power. We also think it may be said, with some degree of force, that the adoption of these taxation amendments, without any attempted change in the authority of cities to levy special assessments under the Constitution, as limited by the opinion in Higgins v. Bordages, must be regarded as an adoption of, or conclusive recognition of, the limits there declared under the Homestead Section of the Constitution. 12 Corpus Juris, p. 717, Sec. 69; Cox v. Robison, 105 Texas, 426, 439; Taylor v. Boyd, 63 Texas, 533, 541. We are urged, however, to hold that, because Section 2 of Article 8, the Exemption Section of the Constitution, was amended in 1907, the closing provision of that amendment reading, "and all laws exempting property from taxation other than the property above mentioned shall be null and void," had the effect, and should be given the effect, of modifying the interpretation of Section 50, Article 16, the Homestead Section, which was held by its terms to exempt homesteads from special assessments by this Court in Higgins v. Bordages and in other opinions. This insistence is without merit. The quoted provision of this Section was not changed by the readoption of the Section in 1907. Harris' Annotated Constitution, p. 567. That particular portion reads just as it did when the opinion in Higgins v. Bordages was rendered.

It is plain, therefore, that since this Court held in Higgins v. Bordages that the Homestead Section of the Constitution was sufficient to exempt homesteads from special assessments, notwithstanding the existence of Section 2 of Article 8 of the Constitution, the amendment of the last named Section using the identical language previously construed cannot be given the effect of amending the Homestead Section or modifying the rule announced. 12 Corpus Juris, p. 717; Cox v. Robison, 105 Texas, 426, 439; Trigg v. State, 49 Texas, 645; Taylor v. Boyd, 63 Texas, 544, 541; City of Houston v. Scottish Rite Benev. Assn., 111 Texas, 191, 230 S. W., 978.

On the whole, we conclude that the homestead is not subject to special assessments, and that these assessments are not taxes within the meaning of Section 50, Article 16, of the Constitution.

What we have said makes it unnecessary for us to answer any question except the fourth one certified, and the answer to that is

that a special assessment for street improvements is not included within the word "taxes" in the excepting clause "except the taxes due thereon" in Section 50, Article 16, of the Constitution of this State.