KIMBROUGH v. STATE.

No. 2048.

Court of Civil Appeals of Texas. Eastland.

Oct. 11, 1940.

Rehearing Denied Nov. 8, 1940.

See, also, 139 S.W.2d 165.

M. E. Lawrence, of Eastland, for appellant.

Earl Conner, Jr., Dist. Atty., of Eastland, Gerald C. Mann, Atty. Gen., and Fred C. Chandler, Geo. W. Barcus, and M. C. Martin, Asst. Attys. Gen., for appellee.

FUNDERBURK, Justice.

The Liquor Control Board, in the name of the State of Texas, brought this action against G. O. Kimbrough alleging numerous violations by the defendant of

the Texas liquor laws. Such violations were alleged to have been committed in and upon certain described lots in Ranger, Texas, concerning which it was alleged: "The said defendant maintains a dwelling house, certain out houses and garage and resides in and has control of said dwelling and houses situated and located on and at the premises above described and has for several years resided and had control of same and is in charge of said property." It was alleged, in effect, that the enumerated violations of the criminal laws in and upon said property constituted a nuisance. Temporary injunction was prayed and further, that upon final hearing the temporary injunction be made permanent. It was further prayed: "that this court abate said nuisance and order the said premises to be closed and padlocked for a period of one year from the date of said judgment, unless the defendant in said suit makes bond in a penal sum to be decided by this court for not less than $1,000 to be approved as provided by law, payable to the State of Texas in Eastland County, Texas, and conditioned as required by law", etc.

The case was submitted to a jury upon special issues. By the verdict it was found that the defendant had been guilty of possessing intoxicating liquors for sale, on said premises, upon thirteen different dates, ranging from September 26, 1936, to February 7, 1939, and of selling liquor (two several pints) on the 11th and 12th of April, 1939.

The court, having previously granted a temporary injunction, gave final judgment making the temporary injunction permanent. The judgment, in part, provided as follows: "It is adjudged that the dwelling house situated on lots Nos. 20 and 21, block 18, Ranger Heights Addition of the City of Ranger, Eastland County, Texas, was at the times alleged in said petition and is now a common nuisance within the terms of section 29 of Art. 1 of what is known as the Texas Liquor Control Act, and that the defendant is guilty of maintaining such common nuisance in violation of said Act." The judgment further specially provided as follows: "And it appearing to the court that the property above described is now and has been for several years continuously next preceding this date the resident homestead of defendant and his family and the court being of the opinion that said Act does not contemplate the padlocking of a resident homestead under the circumstances herein

adduced plaintiff's application insofar as it seeks to padlock said residence be and the same is hereby denied." The judgment also found defendant guilty of contempt in violating the temporary injunction, imposed a fine of $100 and committed him to jail for three days in punishment of such contempt.

Both parties excepted to the judgment and appealed. The court, upon application of the defendant, fixed the amount of his supersedeas bond at $500 which was given.

The defendant has filed no briefs, or otherwise appeared in this court. The State challenges the correctness of the judgment of the court below only as to said provision refusing to padlock the homestead of defendant.

The appeal presents questions regarding the construction and validity of the following parts of Art. 666—29, Vernon's Annotated Penal Code: "Any county, or district attorney, or the Board, or any agent or employee of this Board in the county where such nuisance exists, or is kept, or maintained, may maintain an action by injunction in the name of the State, or the Board to abate and to temporarily and permanently enjoin such nuisances. Such proceedings shall be guided by the rules of other injunction proceedings, except that the plaintiff shall not be required to give bond in such action and upon final judgment against the defendant the Court shall order that said room, house, building, structure, boat, or place of any kind, shall be closed for a period of one year, or closed for a part of said time and until the owner, lessee, tenant, or occupant thereof shall give bond with sufficient surety, to be approved by the Court making the order, in the penal sum of not less than One Thousand Dollars ($1,000) payable to the State", etc.

The judgment does not set forth precisely the ground upon which the court refused to order the defendant's residence to be closed. Manifestly, the statute does not in express terms except property constituting a homestead from its provisions. The constitutional exemption of a homestead, most often the subject of litigation, relates alone to debts, and the power of sale of the owner "if a married man." Const. Art. 16, sec. 50, Vernon's Ann.St. If said Vernon's Ann. Penal Code, Art. 666—29, authorizes the closing of a house constituting the defendant's homestead, the legislative power to do so is referable to

the police power. It is believed to be the same power which, as applied to a different subject matter, was designated by Chief Justice Cureton in words as follows: "The power of the Legislature to authorize the levying of special assessments for the improvement of property is one which it has by reason of its reserved legislative power, against which we find no specific limitation in the Constitution, except the usual constitutional guaranties of due process, equal protection of the laws" etc. City of Wichita Falls v. Williams, 119 Tex. 163, 26 S.W.2d 910, 914, 79 A.L.R. 704.

We do not find it necessary nor advisable, particularly in the absence of briefs on the question, to determine whether said statute authorizes in a civil action by the State the closing of defendant's homestead. For the purposes of this case we may assume without deciding that it does so.

■ The State has no inherent right to maintain a civil suit to abate a nuisance resulting solely from the violation of the criminal laws and regardless of civil injury affecting the public generally. "Our courts of equity, as such", says Judge Critz in Ex parte Hughes, 133 Tex. 505, 129 S.W.2d 270, 274, "have no jurisdiction to entertain suits to enjoin the commission of acts merely because such acts constitute crimes or penal offenses under penal laws. This is because equity is not concerned with the enforcement of penal or criminal statutes. When the State, through its proper officers, invokes the jurisdiction of a court of equity to abate a nuisance, it must be shown either that the action is directly authorized by some constitutional or statutory law, or that such nuisance is an injury to the property or civil rights of the public at large,—that is, to the public generally."

■■ We must, therefore, look alone to the Constitution and statutes for the authority of the State to maintain this action and to have a judgment closing a homestead. The sole authority, we take it, is said Art. 666—29 of the Penal Code. Since the right of action exists solely as a creature of said statute it exists subject to all the conditions and limitations prescribed by the stat-

ute. The statute says: "Such proceedings shall be guided by the rules of other injunction proceedings." There are one or two exceptions, whether one or two being dependent upon construction. One certain exception is that "the plaintiff shall not be required to give bond in such action." Another provision, being a further exception or not according to construction, is "and upon final judgment against the defendant the Court shall order that said room, house, building [etc.] shall be closed for a period of one year", etc. This is either an exception or it refers back to the power to abate a nuisance by injunction as incident to such power. In either view the state's petition, in our opinion, would not support a decree ordering the closing of the homestead. In support of the judgment we presume that the defendant has a wife. The wife had a direct interest in the homestead necessarily to be effected by an order closing it. "It is a general rule of equity pleading that all persons who are materially interested in the event of suit or in the subject matter, however numerous, should be made parties, either as plaintiff or defendants." 21 C.J. p. 258, sec. 253. This rule is one of the "rules of other injunction proceedings" by which the action if authorized is to be guided. It does not come within the exception or either of the exceptions, if there be more than one. The wife of defendant was not made a party to the suit. Whether, therefore, there was one or two exceptions from the rules of "other injunction proceedings" by which it was provided that the "proceeding shall be guided" it seems evident that neither exception included such equity rule as to necessary parties. Since the court determined the matters properly submitted to its jurisdiction, it is our conclusion that no error is shown in the action of the court refusing to padlock the homestead property. Even if the State in any event could have had such relief, if the wife had been made a party, the court did not err in such refusal in her absence as a party.

It is accordingly our conclusion that the judgment of the court below should be affirmed, and it is so ordered.