March 8, 2007

The Honorable Eddie Lucio, Jr.
Chair, Committee on International Relations
   and Trade
Texas State Senate
Post Office Box 12068
Austin, Texas 78711

Opinion No. GA-0528

Re: Whether a seawall funded from assessments levied pursuant to Local Government Code, chapter 372, subchapter A or B, may be built on privately-owned land   (RQ-0528-GA)

Dear Senator Lucio:

You ask whether a seawall located on privately-owned property may be funded from assessments levied under Local Government Code chapter 372, subchapter A or B.[1] *See* TEX. LOC. GOV'T CODE ANN. §§ 372.001–.030 (Vernon 2005) (subchapter A, entitled the Public Improvement District Assessment Act), 372.041 (subchapter B, concerning the authority of improvement districts in home-rule municipalities). A "seawall" is "a wall or embankment to protect the shore from erosion or to act as a breakwater." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 1054 (10th ed. 1993).

The City of Port Isabel ("the City"), a home-rule municipality, is considering the creation of a public improvement district pursuant to Local Government Code chapter 372 to finance various improvements. *See* Request Letter, *supra* note 1, at 2. The contemplated improvements include street paving, sidewalks, storm drainage, water and sewer lines, street lights, a seawall, and dredging and backfill, and most of these will be located on public property. *See id.* "The City believes the seawall is a public necessity that will both protect the City's territory and prevent soil erosion from harming the body of water." *Id.* The proposed seawall, however, "would be built on private property along a body of water." *Id.* You wish to know whether improvements authorized by chapter 372 must be located on public property, either real property owned in fee or an easement[2] in privately-owned real property. *See id.*

---

[1]*See* Letter from Honorable Eddie Lucio, Jr., Chair, Committee on International Relations and Trade, Texas State Senate, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Sept. 6, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]An easement is a nonpossessory interest in land that authorizes the holder to use the property for particular purposes. *See Marcus Cable Assocs., L.P. v. Krohn*, 90 S.W.3d 697, 700 (Tex. 2002). It confers upon the dominant estate holder the right to use the land of the servient estate holder for a specific purpose. *See Bickler v. Bickler*, 403 S.W.2d 354, 359 (Tex. 1966).

Subchapters A and B provide for funding certain public improvements by assessment. An assessment, or special assessment, is a special imposition on property in the vicinity of municipal improvements to provide funding for the improvements. *See City of Wichita Falls v. Williams*, 26 S.W.2d 910, 911–12 (Tex. 1930); *see also* BRYAN A. GARNER, A DICTIONARY OF MODERN LEGAL USAGE 868 (2d ed. 1995). Although special assessments are levied under the taxing power, they differ from a general property tax that is imposed throughout the taxing jurisdiction for the general support of its government. *See City of Wichita Falls*, 26 S.W.2d at 912; *Henry v. Kaufman County Dev. Dist.*, 150 S.W.3d 498, 504–05 (Tex. App.—Austin 2004, pet. dism'd by agr.). An assessment is imposed only upon the property that is specially benefitted by the improvement, and its amount is based on the special benefits accruing to the property. *See City of Wichita Falls*, 26 S.W.2d at 911; *Henry*, 150 S.W.3d at 505; *see also City of Houston v. Blackbird*, 394 S.W.2d 159, 162 (Tex. 1965) (assessment for paving improvements).

It appears, and for purposes of this opinion we assume, that the proposed seawall can be an authorized public improvement under chapter 372, subchapters A and B. *See* TEX. LOC. GOV'T CODE ANN. §§ 372.003(b) (Vernon 2005) (authorized improvements under subchapter A), 372.041(a) (authorized improvements under subchapter B).

To determine whether improvements authorized by chapter 372 must be located on public property, either real property owned in fee or an easement in privately-owned real property, we first consider a private owner's rights in his real property. A property owner may exclude others from his property, although he may choose to relinquish a portion of the right to exclude by granting an easement. *See Marcus Cable Assocs., L.P. v. Krohn*, 90 S.W.3d 697, 700 (Tex. 2002). A city may not use private property for public purposes unless the landowner consents to the use or the city otherwise secures an appropriate interest in the land. In *MGJ Corp. v. City of Houston*, for example, the plaintiff who held an easement in a private parking lot sued the City of Houston to prevent city police officers from parking in the lot. *See MGJ Corp. v. City of Houston*, 544 S.W.2d 171, 173–74 (Tex. Civ. App.—Houston [1st Dist.] 1976, writ ref'd n.r.e.). Because the City of Houston had "no valid claim of right to use the parking area jointly with the plaintiff, it [was] in the position of a trespasser," and an injunction against Houston was a proper remedy to restrain the trespasses. *Id.* at 175. Accordingly, the City of Port Isabel has no right to build a seawall on private real property. The City must first acquire an appropriate interest in the real property.

Next, we consider a constitutional provision governing the expenditure of public funds. Texas Constitution, article III, section 52(a) provides in part:

> Except as otherwise provided by this section, the Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever, or to become a stockholder in such corporation, association or company.

TEX. CONST. art. III, § 52(a).

The purpose of article III, section 52(a) is to prevent the use of public funds for private purposes and to prevent the gratuitous grant of such funds or other public assets to individuals or corporations. *See Byrd v. City of Dallas*, 6 S.W.2d 738, 740 (Tex. 1928). A municipal expenditure to accomplish an authorized municipal purpose is not, however, rendered unlawful because it incidentally benefits a private person. *See Brazos River Auth. v. Carr*, 405 S.W.2d 689, 693–94 (Tex. 1966). For a municipal expenditure to comply with article III, section 52(a), it must meet three requirements: its predominant purpose must be to accomplish a public purpose and not to benefit private parties; the city must retain sufficient control over the transaction to ensure that the public purpose is accomplished and to protect the public's investment in it; and the public must receive a return benefit. *See Tex. Mun. League Intergovernmental Risk Pool v. Tex. Workers' Comp. Comm'n.*, 74 S.W.3d 377, 384 (Tex. 2002). The City may spend public funds and allocate other resources to building a seawall that incidentally benefits private parties if the project complies with these requirements.

Because the City must retain enough control over the project to ensure that the public purpose is accomplished and the public interest protected, the City must acquire a sufficient interest in the real property where the seawall will be built to prevent land owners from altering or removing it. In addition, the City would likely need to acquire an interest in the land in order to inspect, maintain, and repair the seawall at various times in the future.[3]

We conclude that the City may not build and fund a seawall under Local Government Code chapter 372, subchapter A or B, on privately-owned property without obtaining an interest in the property sufficient to enable the city to protect the public interest in the seawall.

---

[3]Several provisions of the Local Government Code could enable the City to acquire an interest in the seawall to protect the public interest and ensure that the public purpose is accomplished. Chapter 372, subchapter A authorizes a city to acquire real property in connection with a public improvement project under that subchapter. *See* TEX. LOC. GOV'T CODE ANN. § 372.003(b)(12) (Vernon 2005). Furthermore, Local Government Code chapter 421, which authorizes cities and counties on the Gulf Coast to build seawalls and impose a tax to pay for them, provides that the city or county "may acquire property that is necessary for the establishment, construction, and maintenance of a seawall, breakwater, levee, floodway, or drainway." *Id.* § 421.004(a). Gulf Coast cities and counties may exercise the power of eminent domain to acquire an easement or fee simple interest in real property. *See id.* § 421.004(c). Finally, landowners may donate real property or an interest in real property to a city for a public use. *See Copeland v. City of Dallas*, 454 S.W.2d 279, 282–83 (Tex. Civ. App.—Dallas 1970, writ ref'd n.r.e.).

## S U M M A R Y

Texas Constitution article III, section 52(a) requires a city that builds a seawall on privately-owned land to maintain sufficient control over it to ensure that the public purpose is accomplished and to protect the public's interest in it. To carry out this duty, a city must have an appropriate interest in the land on which a seawall funded from assessments levied pursuant to Local Government Code, chapter 372, subchapter A or B will be located.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee