June 29, 2009

The Honorable Jeff Wentworth
Chair, Committee on Jurisprudence
Texas State Senate
Post Office Box 12068
Austin, Texas 78711

Opinion No. GA-0724

Re: Authority of local taxing units or central appraisal districts to collect special assessments imposed in public improvement districts (RQ-0774-GA)

Dear Senator Wentworth:

You ask whether a central appraisal district or a local taxing unit, such as a county, may contract to collect assessments imposed by a public improvement district ("district").[1] The Public Improvement District Assessment Act (the "Act"),[2] Local Government Code chapter 372, subchapter A, authorizes a municipality to establish a district to help finance public improvements within the district's boundaries. *See* TEX. LOC. GOV'T CODE ANN. § 372.003 (Vernon 2005). The municipal governing body "shall apportion the cost of an improvement to be assessed against property" in the district "on the basis of special benefits accruing to the property because of the improvement." *Id.* § 372.015(a). The governing body levies and collects assessments, also known as "special assessments," on property within the district. *See id.* §§ 372.016, .017, .018(b). If a land owner in the district does not pay the assessment against his property, "[a]n assessment . . . , with interest, the expense of collection, and reasonable attorney's fees, if incurred, is a first and prior lien against the property assessed, superior to all other liens and claims except liens or claims for state, county, school district, or municipality ad valorem taxes." *Id.* § 372.018(b). The lien "may be enforced by the governing body in the same manner that an ad valorem tax lien against real property may be enforced by the governing body," and "[d]elinquent installments of the assessment shall incur interest, penalties, and attorney's fees in the same manner as delinquent ad valorem taxes." *Id.*

You first inquire whether Tax Code section 6.24 authorizes a contract between a municipality and a central appraisal district or a local taxing unit to collect special assessments imposed in a public improvement district. *See* Request Letter at 1, 3. Section 6.24 is found in the Property Tax Code, Texas Tax Code title 1, which applies to local entities authorized to impose ad valorem taxes

---

[1]Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov).

[2]TEX. LOC. GOV'T CODE ANN. § 372.001 (Vernon 2005).

on property.[3] *See* TEX. TAX CODE ANN. §§ 1.01 (short title), 1.02 (applicability of title 1 to taxing units), 1.04(12) (defining "taxing unit" as a political unit of the state authorized to impose ad valorem taxes) (Vernon 2008).  Section 6.24 of the Tax Code authorizes the governing body of a taxing unit to contract with another taxing unit or with an appraisal district board "to perform duties relating to the assessment[4] or collection of taxes."  *Id.* § 6.24(a) (footnote added); *see also id.* § 6.24(b) (procedure for county contracts).  Section 6.24, read in its statutory context, relates to the assessment and collection of ad valorem taxes.  *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005) (words and phrases shall be read in context).  An "appraisal district" appraises property in the district "for ad valorem tax purposes of each taxing unit that imposes ad valorem taxes on property in the district."  TEX. TAX CODE ANN. § 6.01(b) (Vernon 2008).  Accordingly, section 6.24 authorizes contracts to perform duties relating to the assessment or collection of ad valorem property taxes.

A special assessment, such as an assessment within the Act, is imposed under the taxing power, but it is not an ad valorem property tax.  *See City of Wichita Falls v. Williams*, 26 S.W.2d 910, 911–13 (Tex. 1930).  An ad valorem property tax is imposed throughout the taxing jurisdiction for the general support of its government, while a special assessment is imposed only upon the property that is specially benefitted by the improvement, and its amount is based on the special benefits accruing to the property.  *See id.*; *Henry v. Kaufman County Dev. Dist. No. 1*, 150 S.W.3d 498, 504–05 (Tex. App.—Austin 2004, pet. dism'd by agr.); *see also City of Houston v. Blackbird*, 394 S.W.2d 159, 162 (Tex. 1965) (amount of assessment for paving improvements cannot exceed benefit to property owner).  Special assessments are not ad valorem taxes within the Texas Constitution. *See City of Wichita Falls*, 26 S.W.2d at 915; *Higgins v. Bordages*, 31 S.W. 52, 54–55 (Tex. 1895).  Moreover, "it has been uniformly held that the word taxes, whether used in an act of the legislature, or the charter of a company exempting it from taxation, does not embrace such local assessments, unless there be something in the statute or charter to indicate such an intention."  *City of Cisco v. Varner*, 16 S.W.2d 265, 266 (Tex. Comm'n App. 1929, judgm't aff'd); *see Allen v. City of Galveston*, 51 Tex. 302, 320 (1879).  Nothing in section 6.24 indicates that the Legislature intended it to encompass special assessments.  An assessment imposed under the Act is accordingly not a tax within Tax Code section 6.24.  Based on the plain language of section 6.24, we conclude

---

[3]"An ad valorem tax is levied against property on its value." *State v. Wynne*, 133 S.W.2d 951, 957 (Tex. 1939).

[4]The Legislature has defined the term "assessment" in the Property Tax Code as "a function described by Chapter 26, Tax Code, performed by an employee of a political subdivision or by a person acting on behalf of a political subdivision to determine an amount of ad valorem tax for the political subdivision." TEX. OCC. CODE ANN. § 1151.002(2) (Vernon 2004) (defining "assessment" for purposes of the Property Taxation Professional Certification Act, *Id.* § 1151.001–.253 (Vernon 2004 & Supp. 2008)). *See also Bexar County v. Connell Leasing Co.*, 611 S.W.2d 496, 498 (Tex. Civ. App.—San Antonio 1981, no writ) (defining "assessment" in Texas Constitution article VIII, section 15 as "the sum that has been ascertained as the apportioned part of the tax to be charged against the particular piece of property," and that it "includes the procedure on the part of officials by which the property is listed, valued, and finally the pro rata tax declared").

that section 6.24 does not authorize contracts between a municipal governing body and another taxing unit or an appraisal district board to collect special assessments imposed under the Act.[5]

You also ask whether authority other than Tax Code section 6.24 would permit a central appraisal district or a local taxing unit to collect assessments imposed by a municipality on property in a public improvement district. *See* Request Letter at 1, 2. Government Code chapter 791, the Interlocal Cooperation Act, authorizes a local government to contract with another local government "to perform governmental functions and services in accordance with this chapter." TEX. GOV'T CODE ANN. § 791.011(a) (Vernon Supp. 2008), *see id.* §§ 791.001–.033 (Vernon 2004 & Supp. 2008); *Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./Cas. Joint Self Ins. Fund*, 212 S.W.3d 320 (Tex. 2006) (addressing self insurance pools authorized by chapter 791 and other statutes). A local government includes a "county, municipality, special district, junior college district, or other political subdivision of this state or another state." TEX. GOV'T CODE ANN. § 791.003(4)(A) (Vernon Supp. 2008). The term "[g]overnmental functions and services" is defined as "all or part of a function or service" in any of several areas listed in section 791.003(3). *Id.* § 791.003(3). The list does not expressly include collecting assessments, and no judicial decision or attorney general opinion has considered whether chapter 791 authorizes contracts for collecting special assessments. The language of chapter 791 is, however, broad enough to include contracts to collect assessments. The statute authorizes contracts for "administrative functions," defined as "functions normally associated with the routine operation of government, including tax . . . collection." *Id.* § 791.003(1); *see also id.* § 791.003(1) (defining "administrative functions"); *see also id.* § 791.003(3)(K) (administrative functions are governmental functions). In our opinion, the collection of assessments, like the expressly-mentioned tax collection, is a function "normally associated with the routine operation of government." *Id.* § 791.003(1). In addition, the statute authorizes local governments to contract for "other governmental functions in which the contracting parties are mutually interested." *Id.* § 791.003(3)(N). This broad category could include the collection of special assessments.

An interlocal contract under chapter 791 may "provide a governmental function or service that each party to the contract is authorized to perform individually." *Id.* § 791.011(c)(2); *see* Tex. Att'y Gen. Op. No. GA-0150 (2004) at 2 (Interlocal Cooperation Act permits an agreement whereby the peace officers of one local government serve as law enforcement officers of another local government that has law enforcement authority). Thus, a municipality could not contract with an appraisal district board for collection of assessments. We believe, however, that a court would find that the Interlocal Cooperation Act authorizes a municipality to contract with another local government for collecting special assessments imposed in a public improvement district. The local government must also have authority to collect assessments for public improvements. Whether a particular local governmental entity has the required authority may be determined by examining the applicable law.

---

[5]You also ask if a contract under Tax Code section 6.24 for collection of special assessments would have to be approved by the comptroller. *See* Request Letter at 5. In view of our answer to your first question, we need not address this question.

## S U M M A R Y

A special assessment to finance a public improvement is imposed only upon the property that is specially benefitted by the improvement, and its amount is based on the special benefits accruing to the property. A special assessment is imposed under the taxing power, but it is not an ad valorem property tax within the Texas Constitution, nor does the term "taxation" in statutes ordinarily include special assessments.

Tax Code section 6.24 authorizes contracts between a municipal governing body and another taxing unit or an appraisal district board to collect ad valorem taxes, but it does not authorize contracts to collect special assessments imposed under the Public Improvement District Assessment Act, Local Government Code chapter 372, subchapter A.

Pursuant to the Interlocal Cooperation Act, a municipal governing body may contract for the collection of a special assessment it imposes in a public improvement district with another local governmental entity that is authorized to collect assessments for public improvements.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee