**MOUNT OLIVET CEMETERY COMPANY,**
**Appellant,**

v.

**CITY OF FORT WORTH, Appellee.**

**No. 15581.**

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 21, 1955.

Rehearing Denied Feb. 18, 1955.

McDonald, Sanders, Nichols, Ludlum, Wynn & Ginsburg, and J. Olcott Phillips, Fort Worth, for appellant.

R. E. Rouer, S. G. Johndroe, Jr., and Robert R. Goodrich, Fort Worth, for appellee.

MASSEY, Chief Justice.

The City of Fort Worth proposed to pave a street running alongside and adjacent to the Mount Olivet Cemetery Company in Fort Worth, Texas. Attempt was made to secure the Cemetery Company's execution of a contract in connection therewith which would have entitled the City to a lien upon certain of the abutting Cemetery property, more than 20 acres of which had not been theretofore actually used for cemetery purposes, though it was a part of the whole of the real property of said Company which had been dedicated as a public cemetery under statutory provisions. The Company refused to contract in any way relative to the proposed improvement. The City caused the paving process to proceed and after the street had been paved brought suit against the Company for $13,803.63, the assessed amount because of the paving, and upon personal judgment being entered against the Company in said amount, it gave notice of, and perfected, an appeal. The trial court refused to decree that the City was entitled to an assessment lien against the Company's property, because of the paving, and for a foreclosure thereof in satisfaction of the debt, and because of this the City also appealed.

Judgment affirmed.

Quære 1: Is an incorporated city entitled to a personal judgment against a private corporation which owns and operates a public cemetery (dedicated as such under provisions of the Cemetery Act of 1945) for a paving assessment to which it does not consent?—And, if so—

Quære 2: Does the city have a lien, or is the city entitled to a judgment establishing a lien upon the real property of the cemetery corporation in addition to the personal judgment?

The City's action may be considered in light of Art. 1105b, § 8, under Chapter 9, "Street Improvements," of Title 28, "Cities, Towns and Villages", T. R. C. S., 1925, Vernon's Ann.Civ.St. See also in this connection Art. 1091, "Exempt Property," under the same Title and Chapter.

We agree with the trial court that the City is entitled to a judgment in personam, and that it is not entitled to a judgment in rem, i. e., that it has a lien on any property of the Cemetery Company. In discussing our reasons for this conclusion, we shall first assume that there is nothing in the Constitution of the State of Texas which prohibits the enactment of the statutory provision necessary to be considered, which is Art. 912a–11, Revised Civil Statutes of Texas, 1925. The Article is to be found under Title 26, "Cemeteries". At the present time all except a single Article of the Title resulted from the Cemetery Act of the 49th Legislature in 1945. Pertinent parts of Art. 912a–11 read as follows:

"After such property is so dedicated to cemetery purposes, neither the dedication nor the title to the exclusive right of sepulture of a plot owner, shall ever be affected by the dissolution of the association, or by nonuser on its part, or by alienations of the property, or by any encumbrances thereon, or by forced sale under execution or otherwise, * * * but such dedication is hereby expressly permitted and shall be deemed to be in respect for the dead, * * * and a duty to, and for the benefit of, the general public; * * *. *After such dedication and so long as said property shall remain dedicated to cemetery purposes, * * * all of such property, including road, alleys, and walks therein, shall be exempt from public impurovements assessments,* and all public taxation, and shall not be liable to be sold on execution or applied in payment of debts due from indi-

vidual' owners of burial plots therein." (Emphasis ours.)

■ Assessments of the kind contemplated by the language above quoted are not taxes within the meaning of the state Constitution. City of Wichita Falls for Use and Benefit of L. E. Whitman & Co. v. Williams, 1930, 119 Tex. 163, 26 S.W.2d 910, 79 A.L.R. 704. Obviously, the Legislature did not consider the assessment referred to as a tax. Unlike an exemption from the levy of taxes upon designated physical property, which likewise exempts the owner of such property from any obligation to pay any tax thereon,—an exemption of property from a levy of assessment for public improvements does not exempt the owner of such property from obligation to pay such a special assessment made upon him because of his ownership. The theory underlying the law in this respect arises because of the fact that an adjoining property owner is considered as having been enriched through the enhancement in the value of his property as a result of the improvement and therefore he should be liable for the cost. City of Wichita Falls for Use and Benefit of L. E. Whitman & Co. v. Williams, supra; City of Dallas v. Atkins, 1920, 110 Tex. 627, 223 S.W. 170; Vogel v. Central Texas Securities Corporation, Tex.Civ.App.Austin, 1933, 62 S.W.2d 243, error refused; Foxworth-Galbraith Lumber Co. v. Realty Trust Co., Tex.Civ.App.Amarillo, 1937, 110 S.W.2d 1164, writ dismissed.

In the instant case the amount of the assessment is not questioned, and neither is the value of the benefits received a matter of controversy. We therefore must assume that the Cemetery Company received benefits at least equal in value to the amount the City insists should be paid.

Had the Cemetery Company desired to pave streets or walkways within the Cemetery itself it would have been at perfect liberty to contract with a paving company for such character of improvement, giving a mechanic's lien upon certain parts of its property, thereby to be benefited, in security of its contractual obligation for payment. In such an instance the lien on the property would of course be subject to the dedication thereof for Cemetery purposes and to the titles of persons having right of sepulture in or owning lots in the cemetery. State v. Forest Lawn Lot Owners Ass'n, 1953, 152 Tex. 41, 254 S.W.2d 87. But such an act on the part of the Cemetery Company would be voluntary. The situation would have been the same had the Cemetery Company voluntarily contracted with the paving company for a lien for the paving of the street alongside its property, even though it was dedicated for cemetery purposes, as both the City and the paving company representatives attempted to prevail upon it to do. The Cemetery Company could have done so, but it did not because it was of the opinion that should the paving of the street proceed without its having done so, it would be exempt from liability for any assessment under the provisions of Art. 912a–11.

■ In its opinion the Cemetery Company was mistaken. Though the City could not prevail upon such Company to voluntarily contract in such matter that the City would eventually have a lien upon its property, the City was nevertheless entitled to collect a personal judgment from such Company for the amount of the assessment, because the Company was personally liable. The fact that the Cemetery Company owned and operated the Cemetery for profit is of no consequence in our analysis. Had the Cemetery land not been held for profit, and had the land been yielding no revenue, and had the Cemetery Company been devoid of other property which the City might subject to the assessment debt, yet through the machinery of the courts the City could have required the administration of the dedicated property through a receiver, pursuant to equitable proceedings, thereby doubtless being enabled to collect the assessment. Lima v. Lima Cemetery Ass'n, 1884, 42 Ohio St. 128, 51 Am.Rep. 809; State v. Forest Lawn Lot Owners Ass'n, supra. Of course, in any resort to such procedure, it and the administration pursuant thereto would be subject to the dedication of the property to Cemetery purposes and the rights and titles of persons having right of sepulture in or owning lots in the Cemetery.

The provisions of Art. 912a–11 only prohibit the assessment and assessment lien against the dedicated property of the Cemetery Company, when there has not been a waiver by a Cemetery owner of the exemption thereby provided. The Cemetery Company did not waive the exemption. To our view, there would be no difference in the situation in which the Cemetery Company found itself from the situation which commonly confronts home owners when cities pave the streets in front of their homesteads without first obtaining a contract in the nature of a mechanic's lien contract for the adjacent improvement. Such a home owner would be personally liable, but only as a debt, and the City would be entitled to collect the debt of him and to levy execution upon his property,—but the City could not subject his home to the payment of the debt so long as it retained its character as his homestead, for it has no lien thereon because of the Constitutional homestead exemption. Spears v. City of San Antonio, 1920, 110 Tex. 618, 223 S.W. 166. In like manner is the Cemetery Company liable, and in like manner might the City collect the debt,—but the City may not subject any part of the property dedicated as a Cemetery to the payment of the debt so long as it retains its character as a dedicated Cemetery, for it has no lien thereon because of the exemption provided by Art. 912a–11.

The City strenuously urges that the Legislature could not have intended that there be any exemption of dedicated Cemetery property not actually put to use for Cemetery purposes, as for example in the case of right of sepulture. But our construction is to the contrary, and that by express provision was the legislative intent stated that it should be the act of dedication alone which should control, rather than such an act supplemented by and coupled with a use.

Finally, we examine our construction in light of the tests to be applied through a resort to the provisions of the Texas Constitution. From such examination it is apparent that there are no specific limitations contained therein which inhibit any Act of the Legislature in connection with the levying of public improvement (special) assessments, except as might be involved under the constitutional guaranties of due process, equal protection under the law, etc. City of Wichita Falls for Use and Benefit of L. E. Whitman & Co. v. Williams, supra. Neither would there be any inhibition of any Act which exempted, as physical security for the payment of such assessments, property dedicated to a public purpose. Therefore, none of such limitations appear applicable to the instant case. The section of the statute here under consideration was enacted pursuant to the lawful authority with which the lawmaking body of our government is vested, and its action will not be disturbed.

Judgment is affirmed.