

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 24, 1957

Hon. Noah Kennedy, Jr
County Attorney
Nueces County
Corpus Christi, Texas

Dear Mr. Kennedy:

OPINION NO. WW 205

Re: Are cemetery lands held
by a corporation organ-
ized for profit subject
to taxation?

You request the opinion of this office upon four
questions stated in your letter as follows:

"1. Are cemetery lands held by a corpora-
tion organized for profit (or by a
partnership, association or individual),
though dedicated for such purpose, but
from which no interment rights have been
sold, but are intended to be sold, subject
to taxation?

"2. Are interment rights to such land which
have previously been sold by such corpora-
tion (partnership, association or individual)
to individuals for the express purpose of
interment, although not so utilized, subject
to taxation?

"3. Are such interment rights, which have been
sold and have been actually utilized, subject
to taxation?

"4. Are areas wherein streets, sidewalks, and
planting strips have been installed and
dedicated, in such a cemetery, subject to
taxation?"

We agree with you that the answer to these questions
turns upon the proper construction and application of Sec. 2
of Art. VIII of the Constitution of Texas and Art. 911a-11,
Vernon's Civil Statutes, as amended, and to which we add
Art. 7150, V.C.S. These are as follows:

Sec. 2 of Art. VIII of the Constitution of Texas pro-
vides in part as follows:

"The Legislature may by general law
exempt from taxation. . . places of burial
not held for private or corporate profit."

Pursuant to the authority thus vested, the Legislature has enacted Art. 7150, V.C.S., which provides in part as follows:

"The following property shall be exempt
from taxation, towit:. . .

"Sec. 3.   All lands used exclusively for
graveyards or grounds for burying the dead,
except such as are held by any person, company or corporation with a view to profit,
or for the purpose of speculating in the
sale thereof." (Emphasis supplied)

Art. 911a-11, V.C.S., provides in part as follows:

"As such dedication and so long as such
property shall remain dedicated to cemetery
purposes. . . all of such property shall be
exempt from all public taxation."

We answer your questions in the order stated in the light of the foregoing constitutional and statutory provisions. It is quite clear, it seems to us, that Question No. 1 should be answered in the affirmative and not require authorities to support this answer. The plain and explicit provision of Sec. 2 of Art. VIII of the Constitution of Texas, and Sec. 3 of Art. 7150 of V.C.S., as set out above would, it seems to us, require this answer.

As to the property embraced in Qustion No. 1 that portion of Art. 911a-11, V.C.S., quoted above is unconstitutional if intended to apply to cemetery property held for profit by a corporation, partnership, association or individual. It would be a clear violation of that portion of Sec. 2 of Art. VIII of the Constitution quoted above. The Legislature is without authority to enlarge or add to the exemption from taxation of cemetery property where held for profit. Cemetery property not used or held for profit is clearly exempt from taxation under the foregoing constitutional and statutory provisions and as to such property, Art. 911a-11, V.C.S., quoted above is constitutional.

We are aware of such cases as Oakland Cemetery Company v. Peoples Cemetery Association, et al, 93 Tex. 569, 57 S.W. 27; Peterson v. Stollz, 269 S.W. 113; State v. Forest Lawn Owners Association, 152 Tex. 254, 254 S.W. 2d 86, and Mount Olive Cemetery Company v. Fort Worth, 275 S.W. 2d 152, but when properly understood they do not militate against the taxability of cemetery property which has not been sold but held to be sold for profit.

None of these involve taxation or exemption from taxation of cemetery property. They involve either the enforcement of contract rights, damage to property or special assessments. Taxation does not arise by contract and taxes are not debts in the usual sense.

In holding that cemetery property held for profit, such as embraced in Question No. 1, is taxable, we are not to be understood as holding that the enforcement of the collection of taxes upon such property may disrupt the dedication or work an injury to others who have acquired property in the cemetery for burial purposes. Mount Olive Cemetery Company v. City of Fort Worth, 275 S.W. 2d 152 (Ref. n.r.e.), State v. Forest Lawn Owners Association, 152 Tex. 41, 254 S.W. 2d 87.

The answer to Questions 2, 3 and 4 is in the negative. The property referred to in these questions has passed out of the category of being held for profit and, therefore, is exempt from taxation by virtue of Sec. 3 of Art. 7150 V.C.S. The streets, alleys and roadways in the cemeteries are exempt from taxation because they are dedicated to the use of the public and constitute an essential appurtenance to the use of the other property of the cemetery. Moreover, they are not held for sale; hence, not for profit.

Your able brief has been most helpful to us.

## S U M M A R Y

Cemetery lands owned and held by corporations organized for profit (or by partnership, associations or individuals), though dedicated for cemetery purposes, but from which no interment rights have been sold are subject to taxation under the constitution and laws of this State. But property after it has been sold by a cemetery corporation, association, partnership or individual for burial purposes is exempt

from taxation whether interments have been made therein or not; this by virtue of Sec. 3 of Art. 7150 V.C.S.  Such property is no longer held for profit.  The exemption applies to streets, alleys and roadways in the cemeteries, for they are dedicated to a public use and are not held for sale or profit.  Enforcement of the collection of the taxes against cemetery property that is subject to taxation may not disrupt the dedication or work an injury to others owning property in the cemetery used for burial purposes.

Yours very truly

WILL WILSON
Attorney General

By: L. P. Lollar
Assistant

LPL/fb

APPROVED:

OPINION COMMITTEE:

H. Grady Chandler, Chairman

Mary Kate Wall

Howard Mays

W. R. Hemphill

Wayland C. Rivers, Jr.

REVIEWED FOR THE ATTORNEY GENERAL

BY: Geo. P. Blackburn