

# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

August 19, 2004

The Honorable Yolanda de León
Cameron County District Attorney
Cameron County Courthouse
974 East Harrison Street
Brownsville, Texas 78520

Opinion No. GA-0235

Re: Whether a county may acquire and operate property for the exclusive interment of deceased paupers (RQ-0185-GA)

Dear Ms. de León:

You ask whether any law authorizes Cameron County to acquire and operate property for the exclusive interment of deceased paupers.[1] You also ask whether Cameron County has discretion under Health and Safety Code section 694.002 to adopt a rule authorizing the county to acquire and operate property to bury deceased paupers.

Health and Safety Code section 694.002 provides that "[t]he commissioners court of each county shall provide for the disposition of the body of a deceased pauper." TEX. HEALTH & SAFETY CODE ANN. § 694.002(a) (Vernon 2003). *McNorton v. Val Verde County*, 25 S.W. 653, 654 (Tex. Civ. App. 1894, no writ) (county owes a duty of burial to every pauper). Section 694.002(a) also provides that "[t]he commissioners court may adopt rules to implement this section." TEX. HEALTH & SAFETY CODE ANN. § 694.002(a) (Vernon 2003).

Attorney General Opinion O-2699 (1940) construed the predecessor of Health and Safety Code section 694.002 as authorizing a county commissioners court to establish a cemetery for paupers. The opinion first determined that no statute authorized a county to establish a "public cemetery" but then concluded as follows:

> [I]t is the duty of the county to provide for the burial of paupers. The commissioners' court is charged with this duty and undoubtedly has a large amount of discretion in selecting the means and methods of carrying out such duty. Undoubtedly the commissioners' court would have the power to secure land for the county and establish there a cemetery or burying place for *paupers*.

---

[1]Letter from Honorable Yolanda de León, Cameron County District Attorney, to Honorable Greg Abbott, Texas Attorney General (Feb. 18, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us).

Tex. Att'y Gen. Op. No. O-2699 (1940) at 2 (construing provision of Revised Civil Statutes article 2351, *repealed and reenacted by* Act of May 18, 1989, 71st Leg., R.S., ch. 678, §§ 1, 5, 1989 Tex. Gen. Laws 2230, 3000, 3163) (adopting the Health and Safety Code). If the county established a cemetery for paupers, it would be authorized to spend county funds for the reasonable maintenance of the cemetery. *See* Tex. Att'y Gen. Op. No. O-2699 (1940) at 3.

"A commissioners court may exercise only those powers expressly given by either the Texas Constitution or the Legislature." *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 28 (Tex. 2003) (citing *Canales v. Laughlin*, 214 S.W.2d 451, 453 (Tex. 1948)). "When the Constitution or Legislature imposes an obligation on a commissioners court, that commissioners court also has the implied authority to exercise the power necessary to accomplish its assigned duty." *Id.* (citing *Anderson v. Wood*, 152 S.W.2d 1084, 1085 (Tex. 1941)). While section 694.002 formerly provided that "[t]he commissioners court of each county shall provide for the burial of paupers," Act of May 18, 1989, 71st Leg., R.S., ch. 678, § 5, 1989 Tex. Gen. Laws 2230, 3163, it now requires the commissioners court to "provide for the *disposition of*" a deceased pauper's body. TEX. HEALTH & SAFETY CODE ANN. § 694.002(a) (Vernon 2003) (emphasis added). *See* Act of May 19, 1999, 76th Leg., R.S., ch. 929, § 1, 1999 Tex. Gen. Laws 3663, 3663. Pursuant to this provision, the county may dispose of remains by burial, by donating the body to a medical facility, or by cremation. *See* Tex. Att'y Gen. Op. No. JC-0228 (2000) at 5. If the county decides to bury such deceased persons, the commissioners court would have to acquire burial lots for that purpose and section 694.002 would impliedly authorize it to do so. *See generally Snellen v. Brazoria County*, 224 S.W.2d 305, 310 (Tex. Civ. App.–Galveston 1949, writ ref'd n.r.e.) (statute that expressly authorizes counties to acquire fire-fighting equipment also impliedly authorizes them to acquire quarters necessary for housing equipment); *Dancy v. Davidson*, 183 S.W.2d 195 (Tex. Civ. App.–San Antonio 1944, writ ref'd) (commissioners court's power to "provide" necessary public buildings includes the power to purchase buildings); Tex. Att'y Gen. Op. No. S-126 (1954) at 4 (commissioners court has implied authority under statute requiring it to provide for the support of paupers to lease space and facilities from private hospital for care and hospitalization of resident paupers). The commissioners court also has implied authority under Health and Safety Code section 694.002 to purchase land and operate a cemetery to bury deceased paupers instead of purchasing cemetery lots individually. *See generally Damon v. State*, 37 S.W.2d 405 (Tex. Civ. App.–Austin), *aff'd*, 52 S.W.2d 368 (Tex. Comm'n App. 1932) (condemnation of land that had formerly been owned by county and used to bury paupers and convicts). *See also* Tex. Att'y Gen. Op. No. O-2699 (1940) at 3.

Since Attorney General Opinion O-2699 was issued, the legislature has adopted statutes giving counties certain authority as to cemeteries, but no provision expressly addresses a county's authority to acquire and maintain property for the exclusive interment of paupers. Health and Safety Code chapter 713, subchapter B addresses county authority to maintain certain public and private cemeteries. A "private cemetery" is one used only by a family or a small portion of the community, while a "public cemetery" is one dedicated for use by the general community. *See Meadows v. Edwards*, 116 S.W.2d 831, 833 (Tex. Civ. App.–Texarkana 1938, writ ref'd); *see also Conn v. Boylan*, 224 N.Y.S.2d 823, 835 (cemetery mapped in plots that were sold to the general public was a public cemetery). A "public cemetery" may be owned by a private entity. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 711.021 (Vernon 2003) (formation of a private corporation to maintain and

operate cemetery), 711.038 (sale of cemetery plots); *Mount Olivet Cemetery Co. v. City of Fort Worth*, 275 S.W.2d 152, 154 (Tex. Civ. App.--Fort Worth 1955, writ ref'd n.r.e.) (paving assessment against private corporation owning and operating a public cemetery for profit). *See also* TEX. HEALTH & SAFETY CODE ANN. §§ 713.001 (Vernon 2003) (governing body of a municipality may purchase, establish, and regulate a cemetery), 713.026(b)(1) (county-owned cemetery).

Chapter 713, subchapter B authorizes a commissioners court to establish a perpetual trust fund with the county judge as trustee to maintain "a neglected or unkept public or private cemetery in the county." *Id.* § 713.021. *See also id.* § 713.022 (acceptance of gifts or grants for trust fund). Subject to specific exceptions, the trustee of the fund, "a member of the commissioners court or any other elected county officer may not pay or use public funds or county employees, equipment, or property to maintain a neglected or unkept public or private cemetery." *Id.* § 713.026(a). This restriction does not apply to a county if:

> (1) the county owned the cemetery from September 1, 1976, through January 1, 1979; or

> (2) the county used county funds, employees, equipment, or property to maintain a county-owned cemetery during 1976.

*Id.* § 713.026(b). A county within the section 713.026(b) exceptions "may continue to own the cemetery or to provide maintenance for the cemetery" if it files with the secretary of state a commissioners court order certifying that it qualifies for one of the exceptions. *See id.* § 713.026(c).

Section 713.026(b) reflects the fact that all counties were at one time authorized to maintain public cemeteries. *See* Tex. Att'y Gen. Op. No. WW-1058 (1961) at 4. In 1951, the legislature authorized all counties to spend "moneys in the general fund for purpose of maintenance and upkeep of public cemeteries in their respective counties." Act of May 7, 1951, 52d Leg., R.S., ch. 271, § 1, 1951 Tex. Gen. Laws 437-38 (previously article 2351f, Revised Civil Statutes). The legislature repealed this authorization in 1977, *see* Act of May 20, 1977, 65th Leg., R.S., ch. 654, § 5, 1977 Tex. Gen. Laws 1657-58, but subsequently adopted the predecessor of Health and Safety Code section 713.026(b), which "grandfathered" county authority to maintain public cemeteries owned or maintained during specific years. *See* Act of May 10, 1979, 66th Leg., R.S., ch. 228, § 1, 1979 Tex. Gen. Laws 497 (adopting section 9 of former article 2351f-1, Revised Civil Statutes); *repealed and reenacted by* Act of May 18, 1989, 71st Leg., R.S., ch. 678, §§ 1, 13, 1989 Tex. Gen. Laws 2230, 3022, 3165 (act adopting the Health and Safety Code).

The chapter 713 provisions relating to county maintenance of "public" or "private" cemeteries have no bearing on a county's implied authority to acquire and maintain a cemetery exclusively for deceased paupers, because such cemetery would be neither a "public" nor a "private" cemetery. Section 713.027 authorizes a county with a population of 8,200 or less to "own, operate, and maintain a cemetery and sell the right of burial in the cemetery." TEX. HEALTH & SAFETY CODE ANN. § 713.027 (Vernon 2003). This provision contemplates a public cemetery, as evidenced by the county's authority to sell the right of burial. Like other provisions of chapter 713, subchapter B,

it has no impact on a county's implied authority to provide a burial place exclusively for deceased paupers.

Health and Safety Code section 713.029(a) authorizes a commissioners court to "purchase burial grounds to be used exclusively" to bury honorably discharged veterans who "die without leaving sufficient means to pay funeral expenses." *Id.* § 713.029(a); *see also id.* § 713.029(b) (commissioners court "may not purchase burial grounds under this section if there is a national military cemetery or other military plot in the county in which honorably discharged veterans of the United States armed forces may be buried free of charge"). This provision authorizes a commissioners court to purchase burial grounds for the exclusive use of a particular class of persons who may also be paupers within section 694.002. While Health and Safety Code section 694.002 impliedly authorizes a county commissioners court to acquire and operate a cemetery for all paupers, it is not evident that it would allow a particular group to be singled out as does section 713.029. Section 713.029 does not undermine our conclusion that a county has implied authority pursuant to Health and Safety Code section 694.002 to acquire and maintain land to be used for the exclusive interment of deceased paupers. The commissioners court may adopt a rule under this provision authorizing the county to acquire and operate property to bury deceased paupers.

## S U M M A R Y

Pursuant to its duty under Health and Safety Code section 694.002 to provide for the disposition of the body of a deceased pauper, a commissioners court has implied authority to purchase and maintain land for the exclusive interment of deceased paupers. The commissioners court may adopt a rule under this provision authorizing the county to acquire and operate property for this purpose.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee