## WARD COUNTY v. WENTZ.
### No. 2960.

Court of Civil Appeals of Texas. El Paso.
March 1, 1934.

Rehearing Denied March 29, 1934.

T. H. Neel, Co. Atty., of Barstow, and Hudson & Hudson, of Pecos, for appellant.

J. Lee Bilberry, of Barstow, for appellee.

HIGGINS, Justice.

The facts out of which this litigation arises may be briefly stated as follows:

Wentz is the owner of certain mineral royalty interests in land situate in Ward county. He rendered such interests for taxation in 1931 at a valuation of $5,405. Later he was notified to appear before the commissioner's court, sitting as a board of equalization, on July 18, 1931, and show cause why his valuation should not be raised. On the date stated he, by an agent, and other interested royal- ties owners and holders of mineral leases, appeared before the board and testimony as to values was heard. Thereupon a valuation of the leasehold interests was agreed upon by the board and the lessees. It was further agreed with the royalty owners that the royalty interests should be valued at a certain ratio of the value of the leaseholds. Upon the basis indicated the value of Wentz's property was $23,010, according to a calculation made by the board's tax expert in attendance upon the meeting and assisting the board. No question is raised as to the correctness of such calculation. After reaching the agreement stated, Wentz's representative and the other interested taxpayers departed. The next day, the board, without notice to Wentz, raised the valuation of his royalties to $37,230. Wentz, at the proper time, paid under protest the taxes upon such increased valuation.

Later he brought this suit against Ward county attacking the validity of the order increasing the valuation to $37,230, and seeking to recover the taxes paid upon the increased valuation from $23,010 to $37,230.

Upon trial without a jury judgment was rendered in Wentz's favor for $176.68, being Ward county's share of the excess tax.

■ Appellant questions the sufficiency of the evidence to support the court's finding that an agreement was reached as to the value of Wentz's property.

The evidence shows that an agreement was reached as to the basis of valuations, and upon such basis plaintiff's property should have been valued at $23,010. The tax expert made the calculation, and so advised plaintiff's representative at the time. An agreement having been reached as to the basis of valuation, it was a mere matter of calculation to determine the correct amount. The evidence supports the court finding.

■ Our statutes require that before raising valuations placed by a taxpayer upon his property the board of equalization shall give notice to the taxpayer, afford him an opportunity to be heard, and present evidence in support of the correctness of his own valuation. Article 7206, subdiv. 5, and article 7212, R. S.

The board, in this case, followed the prescribed procedure and agreed with the taxpayer as to the proper valuation. But after he had departed the agreed valuation was raised without further notice. Plaintiff's representative testified he would have offered more testimony before the board if he had

known of the proposed final valuation. We regard the action of the board in raising the valuation above the previously agreed amount without further notice to plaintiff and opportunity to be heard as a fraud upon him, and as in effect depriving him of the benefits of the statutory provisions mentioned which were intended for the protection of taxpayers. All assignments questioning the sufficiency of the evidence to support the court's findings and conclusions are overruled.

We regard this action as a direct attack upon a fraudulent order of the board in raising plaintiff's valuation, and the district court has jurisdiction of the suit regardless of the amount sought to be recovered. Article 5, § 8, Constitution; Kirby v. Transcontinental Oil Co. (Tex. Civ. App.) 33 S.W. (2d) 472.

Appellee by cross-assignment complains of the refusal of the court to award recovery of the state's share of the excessive tax. This matter presents no error. Plaintiff's claim in this respect is against the state of Texas and not Ward county.

Affirmed.