**JOPLING et al. v. CITY OF LA GRANGE et al.**

No. 10119.

Court of Civil Appeals of Texas. Austin.

April 1, 1953.

Rehearing Denied April 22, 1953.

C. C. Jopling, La Grange, for appellants.

John C. Marburger, La Grange, for appellees.

GRAY, Justice.

C. C. Jopling filed this suit against the City of La Grange, its Assessor-Collector of Taxes and its Board of Equalization seeking to have declared invalid the action of the Board increasing property valuations 7 per cent, and for an injunction restraining the collection of all taxes resulting from such increased valuation.

The suit was brought by Jopling individually and for all persons in the same class with him, that is, all persons owning real or personal property in said city subject to taxation.

There appears to be no substantial dispute as to the facts. The city had levied a tax of $1.30 per $100 valuation of taxable property. The taxable property had been rendered for taxes for the year 1951 on the basis of approximately 51 per cent of its full value, but for the year 1952, it was rendered on the basis of approximately 40 per cent of its full value. After this later rendition and in May, 1952, the Tax Assessor, by letter, advised the mayor of the city that to make the 1952 property renditions equal the 1951 renditions the total renditions for 1952 would have to be raised about 7 per cent.

If the city tax rate for 1952 remained at $1.30, then in order to meet the city's budget for that year it was necessary that the 1952 property valuations equal the 1951 valuations.

The Board of Equalization met for the first time in June, 1952, and the mayor informed the Board of the condition of the city's finances. He testified, in part, that:

"Q. In other words, did you give that information to the Board of Equalization that would be needed to meet last year's valuations? A. Yes, sir.

"Q. And you told them what? A. I told them the Finance Committee had recommended a ten per cent increase. I said, 'We are about seven per cent below. Use your own judgment and do what you want to. After you equalize everybody, make your own decision, use your own judgment.'

"Q. That is all you told them? A. Yes, sir."

Thereafter the Board equalized each assessment of property on the basis of 40 per cent of its full value and then increased such valuations by 7 per cent. A notice was given to each taxpayer whose property valuation had been raised. At the appointed time the Board met to hear complaints. C. C. Jopling appeared, filed a

protest and was heard. It appears that some adjustments were made as to his property valuations. The final result of the Board's action was that the 1952 valuations were $10,000 below the 1951 valuations; however, if a strict 7 per cent increase in valuations had been applied the result would have been an excess of $2,284.

At a nonjury trial the court, in his judgment, found:

"* * * that the Board of Equalization, sitting as such, for the City of La Grange for the year 1952, after they had made adjustments in the valuations of all real and personal property assessed for taxes, thereafter added a 7% across the board raise including the property assessed by the plaintiff, C. C. Jopling, and the court is of the opinion and so finds that the 7% across the board raise to the value that the board had determined for tax purposes was done for the purpose of enabling the City of La Grange to raise sufficient money to meet the anticipated budget for the City of La Grange for the coming fiscal year of the City of La Grange and said act of the Equalization Board in so adding a 7% across the board raise after they had determined and fixed the valuations of all property for tax purposes was an arbitrary act, illegal and void."

The trial court permanently enjoined the city from attempting to collect any taxes resulting from the 7 per cent increase in the valuations of C. C. Jopling's property, but denied all relief to "all other property owners who had assessed property for taxes to the City of La Grange for the year 1952 who were in the same class as plaintiff, C. C. Jopling, * * *."

Findings of fact and conclusions of law were filed by the trial court. He found that:

"1. The City Council of the City of La Grange had fixed the tax rate at $1.30 per hundred. They found that this would leave them, as based on the total assessments, 7 per cent short to cover the city's budget.

"2. The City Council, through its Finance Committee and the Mayor, expressed the wish and made the suggestion to the Board of Equalization of the City that all assessments be raised 7 per cent.

"3. The Board of Equalization pursuant to this suggestion raised all individual assessments 7 per cent, including the plaintiff's assessment.

"4. Notices of this 7 per cent raise were mailed to all taxpayers.

"5. The plaintiff appeared before the Board of Equalization and objected to the 7 per cent increase and filed his protest.

"6. There is no proof that any one else objected or filed a protest. So far as the Court knows they were satisfied. There is no evidence that they protested and they were not parties to the suit.

"7. The Tax Assessor testified that he made all assessments on a 40 per cent basis.

"8. I find that the raise of 7 per cent was to all intent and purposes made by the City Council and not the Board of Equalization."

He concluded that the 7 per cent raise was arbitrary and void, and that C. C. Jopling was entitled to enjoin the collection of taxes resulting from it.

The City of La Grange, the Assessor–Collector of Taxes and the Board of Equalization have appealed from that part of the judgment granting relief to C. C. Jopling, and he, in his representative capacity, has appealed from that part of the judgment denying relief to all property owners in the same class with him.

No attack is made on the authority of the Board to act as a board of equalization. It is not argued that the valuation placed on the property by the Board was in excess of its actual cash market value, or that it was valued without reference to its actual cash market value. Appellee, C. C. Jopling, in his brief, says:

"Appellees contend in this case that it is not a question of whether or not

the 7% across the Board raise made by the Board of Equalization in this case did or did not increase the value of each taxpayer's property above its reasonable market value but the sole question is whether or not, after the Board of Equalization had met and gone over all of the assessments as had been made to the Tax Assessor and then equalized to the best of their ability all property and placed a valuation thereon as to what they believed to be the reasonable market value, raising the value in some instances, lowering it in some instances, and leaving the same as if had been assessed in some instances, and the total valuation as placed by them was found by the City Council to be a total valuation insufficient to meet the amount of money the City Council desired to spend for the ensuing year at its present tax rate and then thereafter at the request of the City Council, acting by and through its Finance Committee and Mayor, to arbitrarily add a certain percentage of increase to the valuations so determined by the Board in order to raise the amount of money the City Council desired to have to spend for the ensuing year whether the percentage be in a range from one to one hundred percent, and the fact that the Board may have used a certain percentage of the reasonable market value, or the true value of said property for tax purposes is immaterial and it is further immaterial as to whether or not the percentage so added placed the property above or below its true value."

It is not argued that the Board made a mistake or that it could not lawfully raise property valuations, but that its action was illegal, arbitrary and void because it acted to meet the needs of the city, and on the recommendation of the Mayor.

We have already shown that the Board equalized property valuations at 40 per cent of its full value and then added a 7 per cent increase. In this it appears the Board was careful, diligent and honest in its effort to place a fair value on all property for the purpose of taxation.

The fact that the needs of the city were made known to the Board and that it acted to meet those needs does not invalidate its action. McPhail v. Tax Collector, Tex. Civ.App., 280 S.W. 260, error ref,; Shriber v. Culberson, Tex.Civ.App., 31 S.W.2d 659.

It is true that the Board was lawfully authorized to equalize property values with the view of placing an equal burden upon all property to be taxed, but to say the Board could not consider the amount of money needed to meet the lawful budget of the city and could not fix property values with reference thereto would deprive the Board of any justification to fix property values for the assessment of taxes. Authorities, supra.

That part of the trial court's judgment granting relief to C. C. Jopling is reversed and judgment is here rendered that he take nothing and dissolving the injunction. Otherwise, the judgment is affirmed.

In part reversed and rendered and in part affirmed.