**ZAVALA COUNTY, Texas et al., Appellants,**

v.

**E. D. K. RANCHES, INC., et al., Appellees.**

No. 15652.

Court of Civil Appeals of Texas, San Antonio.

Nov. 10, 1976.

Richard C. Arroyo, Brownsville, for appellants.

Edward Kliewer, III, Emerson Banack, Jr., Foster, Lewis, Langley, Gardner & Banack, Inc., San Antonio, for appellees.

BARROW, Chief Justice.

Appellants, the County of Zavala, the County Judge, County Commissioners, and Tax Assessor-Collector for Zavala County, have perfected their appeal from a temporary injunction granted appellees, 76 named owners of real property in Zavala County, and all other persons of the same class. Appellants were temporarily enjoined after a hearing before the court from collecting or declaring delinquent the taxes of appellees in excess of those contained in the renditions filed by appellees or as made by the Tax Assessor.

It must be recognized at the outset that this is an appeal from a temporary injunction and the scope of our appellate review is limited to the narrow question of whether the action of the trial court in granting the temporary injunction constitutes a clear abuse of discretion. *Janus Films, Inc. v. City of Fort Worth,* 163 Tex. 616, 358 S.W.2d 589 (1962); *Briscoe Ranches, Inc. v. Eagle Pass Ind. Sch. Dist.,* 439 S.W.2d 117 (Tex.Civ.App.—San Antonio 1969, writ ref'd n. r. e.). Ordinarily, it is not a substitute for, nor does it serve the same purpose as the hearing on the merits.[1] *Southwest Weather Research, Inc. v. Jones,* 160 Tex. 104, 327 S.W.2d 417 (1959).

Appellees' complaint relates to the increase in valuations by the County Board of Equalization. It is now well settled that the assessment of property for tax purposes is a quasi-judicial function of boards of equalization and that no attack on valuations fixed by such boards can or will be sustained in the absence of fraud, want of jurisdiction, illegality, or the adoption of an arbitrary and fundamentally erroneous plan or scheme of valuation. *City of Waco v. Conlee Seed Company,* 449 S.W.2d 29 (Tex. 1969); *State v. Whittenburg,* 153 Tex. 205, 265 S.W.2d 569 (1954). It is contended here that the board increased the valuations of appellees' properties without notice, and therefore, the board lacked jurisdiction.

In *City of Arlington v. Cannon,* 153 Tex. 566, 271 S.W.2d 414 (1954), it was held that where the board of equalization had not given notice to certain taxpayers prior to raising their valuation, and the taxpayers did not voluntarily appear, the board acquired no jurisdiction to raise the values at which their properties had been rendered. *See also Fayetteville Independent Sch. Dist. v. Crowley,* 528 S.W.2d 344 (Tex.Civ.App.— Austin 1975, writ ref'd n. r. e.).

Appellants' first four points assert that the trial court erred in granting the temporary injunction. The facts were stipulated

---

1. In view of the obvious need to quickly resolve the disputed questions which have an important bearing on a county's financial structure, it would appear advisable in tax cases to hear the application for the permanent injunction in lieu of a hearing for a temporary injunction.

for purposes of the hearing on the application for a temporary injunction. On May 27, 1975, the Board was properly convened and received the tax rolls from the Assessor. The County Clerk, pursuant to instructions from the Board, mailed a letter on June 6 to all taxpayers who had rendered their property. This letter states in part that the Board "desires to raise the value of the property described on your rendition." These taxpayers were notified to appear before the Board on June 23 to offer any evidence as to value of their property. On June 23 a number of appellees were present pursuant to this notice. At that time the County Judge advised all present that, except in a few specific instances not here involved, the Board agreed with the values rendered by the taxpayers and would not raise any of these valuations. The Judge further stated that after the Board had determined the total valuation of all property in the County, they would decide if it was necessary to increase the ratio of assessment. This would not be known until the minerals were valued about July 9 or 10. He specifically assured all present that if the valuations were increased, each landowner would be notified and given a chance to come before the Board. The taxpayers were then advised by him to leave the meeting.

On August 11 the Board met for the published purpose of considering values of mineral interests. None of appellees were given any actual or constructive notice that the valuation of his property would be considered at that time. Nevertheless, the Board increased the assessed ratio from 26 per cent to 36 per cent of market value, which increased each of appellees' valuations by about one-third. Following such action, the Board directed the Tax Assessor to prepare the rolls in accordance with such increase and adjourned for all purposes other than the correction, approval, and certification of the tax rolls. On September 22 the Board met, approved, and certified the tax rolls and directed the Tax Assessor to mail out the tax bills. It was not established when any of appellees learned of the increase, but this suit was filed on November 18, 1975.

Although our statutes contemplate that all property shall be assessed for taxes at its true and full value, as a matter of fact, this is not always done. *See Crystal City Ind. School Dist. v. Johnson,* 535 S.W.2d 730 (Tex.Civ.App.—Tyler 1976, no writ); *Tackett, Ad Valorem Tax,* 11 Baylor L.Rev. 363, 365 (1959). As the need for additional revenue arises, the ratio may be increased. Where the ratio is increased by the board of equalization, it results in an increase in valuations, and the taxpayer is entitled to notice and an opportunity to protest such increased valuations. *Jopling v. City of La Grange,* 256 S.W.2d 901 (Tex. Civ.App.—Austin 1953, writ ref'd); *City of El Paso v. Howze,* 248 S.W. 99 (Tex.Civ. App.—El Paso 1923, writ ref'd); Howell, Board of Equalization, 34 Tex.B.J. 787, 791 (1971).

The record developed at this hearing for a temporary injunction shows that taxpayers' valuations were increased not only without notice and the opportunity to be heard, but contrary to the express representation of the County Judge. This evidence supports the temporary injunction to protect the status quo of these taxpayers pending a trial on the merits. The trial court did not abuse its discretion in granting the temporary injunction. We express no opinion as to the disposition of the case on the merits and specifically do not consider the relief, if any, that the taxpayers may be entitled to receive.

Appellants' remaining two points urge that the order granting the temporary injunction is too broad in its coverage and appellants cannot identify the taxpayers described only as those "of the same class and similarly situated" as the 76 named appellees. It is urged that only those taxpayers who rendered their property were entitled to notice of the increase in valuations by the Board and, in any event, appellants cannot determine which taxpayers are protected by the temporary injunction.

It has been held that a taxpayer, who does not render his property, but whose

property is rendered for him by the tax assessor, is entitled to injunctive relief where the rendition is raised by the board of equalization without notice to such taxpayer. *City of Arlington v. Cannon, supra; Fayetteville Independent Sch. Dist. v. Crowley, supra; City of El Paso v. Howze, supra.* It is seen that these decisions are all based on Art. 1053,[2] which is applicable to cities, towns, and schools; whereas, Art. 7206 is applicable to state and county boards of equalization.

Art. 1053 provides in part:

In all cases where the board of equalization shall raise the value of any property appearing on the lists or books of the assessor, they shall, after having examined such lists or books and corrected all errors appearing therein, . . . cause the secretary of said board to give written notice to the owner of such property or to the person rendering the same of the time to which said board has adjourned, and that such owner or person rendering said property may at that time appear and show cause why the value of said property should not be raised.

Art. 7206 provides in part:

5. Whenever said board shall find it their duty to raise the assessment of any person's property, they shall order the county clerk to give the person who rendered the same written notice that they desire to raise the value of same.

■ We have been unable to find any Texas case which considered the specific question of who is entitled to notice by the county board of equalization of its intention to increase the assessment. However, the authors of the two articles heretofore cited both express the opinion that notice should be given to a taxpayer whose property was rendered by the tax assessor, as well as to a taxpayer who had rendered his own property. *See* Howell, *supra* at 791; Tackett, *supra* at 367. The basis for this opinion is that since the board is a "quasi-judicial body," notice should be required of the board's intent to put a greater tax burden on the property owner; otherwise, the owner is deprived of due process. We believe this conclusion is sound and should be adopted. Due process requires that the board give the taxpayer notice and an opportunity to be heard before increasing the valuation of his property as shown on the tax rolls whether the valuations were made by the owner's rendition or the assessor on behalf of the owner.

■ We agree with appellants that the temporary injunction is too broad in its present form in that appellants are not given adequate notice of which taxpayers are in the class with the named appellees. Appellees concede that only a taxpayer who timely tendered to the Tax Assessor the amount owed under the rendition shown on the tax rolls prior to the increase by the Board is entitled to protection under the temporary injunction. Such tender was required to be made prior to February 1, 1976, and therefore, these persons are now known. The order of the trial court should be reformed to specifically limit the restraint to such persons. Furthermore, any of these taxpayers should be at liberty to pay his taxes if he so chooses. The temporary injunction goes too far in its prohibition against appellants or any of their employees from having any contact with appellees in the performance of official duties.

It is therefore ordered that the temporary injunction granted by the trial court be modified so that appellants, and each of them, and their officers, representatives, agents, servants, and employees, are temporarily enjoined from attempting to collect or declaring delinquent the 1975 taxes of any landowner whose assessed valuations were increased without notice by the Board of Equalization on August 11, 1975, provided that said taxpayer tendered prior to February 1, 1976, the amount of taxes owed under the valuation of his property as shown on the tax rolls prior to the increase in said valuations by the Board on or about August 11, 1975.

As modified, the judgment is affirmed.

2. All statutory references are to Tex.Rev.Civ. Stat.Ann.