**CRYSTAL CITY INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**Warren WAGNER, Appellee.**

**No. 16456.**

Court of Appeals of Texas, San Antonio.

Sept. 3, 1980.

Rehearing Denied Oct. 8, 1980.

Peter Torres, Jr., San Antonio, Alonzo Villarreal, Jr., Uvalde, for appellant.

Foster, Lewis, Langley, Gardner & Banack, Edward Kliewer, III, San Antonio, for appellees.

## OPINION

MURRAY, Justice.

This is a suit filed by numerous plaintiffs to enjoin the collection of certain portions of the 1977 tax roll of the Crystal City Independent School District.[1] Some of the

---

1. Numerous taxpayers subsequently intervened. All references to the plaintiffs include the intervenors.

plaintiffs brought this action to prevent the collection of taxes based on a valuation in excess of that rendered by them and testified to at the Board of Equalization hearing. Others, whose property qualified for the Agricultural Use Valuation, complained that they were being unlawfully discriminated against because their property was assessed at 100 percent of value while the property that did not qualify for the Agricultural Use Valuation was assessed at 60 per cent of value.

The trial court granted a summary judgment holding that as to those plaintiffs whose property did not qualify for the Agricultural Use Valuation, the tax liability would be the rendered values testified to before the Board of Equalization. As to those persons who received the Agricultural Use Valuation, the court held that the tax liability would be based upon an assessment ratio of 60 per cent of value. From this judgment the school district has perfected an appeal.

All of the plaintiffs filed a sworn rendition of their property for the 1977 ad valorem tax year with the tax assessor–collector of the school district. Having received notice that the Board of Equalization would convene in July of 1977, the plaintiffs appeared, either in person or through their authorized representatives, and asserted that any valuation placed upon their properties in excess of those rendered and testified to, would be in excess of their fair value. After the plaintiffs testified, the Board adjourned the hearing without producing any rebuttal testimony or taking further action. The only notice of the Board's subsequent setting of values was upon receipt of the plaintiffs' tax statements sometime after October 1, 1978. The valuations reflected on the tax statements were in excess of those rendered and testified to at the Board of Equalization hearing.

When a property owner has filed a sworn rendition, the Board of Equalization must, before it increases the valuation, hear sworn testimony concerning the proper valuation of the property, unless the taxpayer waives this requirement. *See Seguin Independent School District v. Blumberg*, 402 S.W.2d 552, 555 (Tex.Civ.App.–San Antonio 1966, writ ref'd n. r. e.); *Bexar County v. Humble Oil & Refining Co.*, 213 S.W.2d 882, 884–85 (Tex.Civ.App.–San Antonio 1948, writ ref'd n. r. e.). The record conclusively establishes that when the Board of Equalization set values on the plaintiffs' properties in excess of those rendered and testified to, it disregarded the only testimony before it. Thus, the action of the Board was invalid and provided a sufficient basis for a suit to enjoin the collection of taxes based upon the increased valuation.

Although the Board of Equalization acted illegally, it does not follow that the trial court's rendition of summary judgment in favor of the plaintiffs was proper.

It is well settled in this state that the mere fact that the Board acted unfairly and arbitrarily in raising a rendered valuation does not, of itself, entitle a taxpayer to relief. In order to prevail the taxpayer must also show that the illegal action of the Board resulted in substantial injury to him.[2] *See Seguin Independent School District v. Blumberg*, 402 S.W.2d 552, 556–57 (Tex.Civ. App.–San Antonio 1966, writ ref'd n. r. e.); *Montgomery County v. Humble Oil & Refining Co.*, 245 S.W.2d 326, 334–35, 336 (Tex.Civ.App.–Beaumont 1951, writ ref. n. r. e.).

The plaintiffs contend that summary judgment proof of injury is established by the affidavit of their attorney. We disagree.

The pertinent portion of this affidavit states:

I was present and appeared on behalf of certain of the Plaintiffs and Intervenors

---

2. There is an exception to this rule, inapplicable here, which allows a taxpayer to prevail in the absence of a showing of injury when the Board's action is void for want of jurisdiction. *See Fayetteville Independent School District v.* *Crowley*, 528 S.W.2d 344, 348 (Tex.Civ.App.– Austin 1975, writ ref'd n. r. e.) (Board's attempt to raise values above those rendered, without giving notice to taxpayers, was void for want of jurisdiction).

in a representative capacity at the meetings of the Board of Equalization of the Crystal City Independent School District in July of 1977. All the Plaintiffs and Intervenors either appeared in person or through authorized representatives at the July 1977 Board of Equalization hearing and protested the assessed valuation placed upon their respective properties as being in excess of its fair assessed valuation.

. . . . .

The amounts assessed against the properties owned by the Plaintiffs and Intervenors were substantially and grossly in excess of those values testified to and rendered by Plaintiffs and Intervenors.

It is clear that the statements in the attorney's affidavit concerning the market value of the plaintiffs' properties are hearsay. Since hearsay cannot form the basis of a summary judgment, *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 233 (Tex. 1962), the plaintiffs whose property did not receive the Agricultural Use Valuation failed to establish that the board's illegal action resulted in substantial injury to them. Thus, the trial court erred in rendering judgment in their favor.

■ The trial court also erred in holding that, as to the plaintiffs who did not receive the Agricultural Use Valuation, the values rendered and testified to provide the basis upon which taxes are to be paid. Even though a Board of Equalization illegally raises a valuation in disregard of the only evidence before it, the Board should nevertheless be permitted to reassess the property in accordance with law. *See Seguin Independent School District v. Blumberg*, 402 S.W.2d 552, 557–58 (Tex.Civ.App.–San Antonio 1966, writ ref'd n. r. e.).

■ The defendant contends that the irregularities and defects of which the plaintiffs complain are validated by Article 7057g, Texas Revised Civil Statutes Annotated. We disagree.

Article 7057g validates tax levies that are "not made in strict compliance with the form and manner required by statute ...." Tex.Rev.Civ.Stat.Ann. art. 7057g (Vernon Supp.1980). The plaintiffs, however, are not challenging the validity of the levy made by the Crystal City Independent School District Board of Trustees; rather, they allege that the Board of Equalization's method of assessment was illegal. Thus, Article 7057g is inapplicable to the case at bar.

By its second point of error the defendant argues that the trial court erred in holding that the five plaintiffs who received the Agricultural Use Valuation were entitled to have their property valued upon the same 60 per cent assessment ratio as all other properties within the Crystal City Independent School District. We disagree.

Section 1 of Article VIII of the Texas Constitution provides that all taxes "shall be equal and uniform." The application of unequal assessment ratios by a taxing authority has been held to violate this provision. *See Lively v. Missouri, Kansas & Texas Railway Co.*, 102 Tex. 545, 558, 120 S.W. 852, 856 (1909) (intangible property assessed at full value; all other property assessed at 66⅔ per cent of its value); *City of Houston v. Baker*, 178 S.W. 820, 823 (Tex.Civ.App.–Galveston 1915, writ ref'd) (land without improvements taxed at 70 per cent of full value; improved land taxed at 25 per cent of full value; personal property taxed at 50 per cent of full value).

■ It is undisputed that 1) property that qualified for the Agricultural Use Exemption was assessed at full value while all other property was assessed at 60 per cent of market value; and 2) this scheme was deliberately adopted by the Board. Since the obvious effect of this plan would be that the five complaining taxpayers would bear a greater tax burden than other taxpayers, we conclude that the Board's scheme unlawfully discriminates against those plaintiffs whose property qualified for the Agricultural Use Valuation.[3] Un-

---

3. The defendant's reliance on *Feldman v. Bevil*, 190 S.W.2d 157 (Tex.Civ.App.–Beaumont 1945,

writ ref'd w. o. m.), is misplaced. In *Bevil* the complaining taxpayers' property was assessed

der these circumstances we cannot say that the trial court erred in holding that the valuation of properties that qualified for the Agricultural Use Valuation shall be based upon an assessment ratio of 60 per cent of value.

By its third point of error the defendant contends that the trial court's judgment is defective because it does not "specify the specific relief given to a named plaintiff." In support of this contention the defendant relies on Rule 306, Texas Rules of Civil Procedure, which provides: "[t]he entry of the judgment shall contain the full names of the parties, as stated in the pleadings, for and against whom the judgment is rendered."

Although the judgment does not contain the names of the numerous plaintiffs to the suit, it does specify the relief granted to each class of plaintiffs. Moreover, the plaintiffs' pleadings clearly indicate which taxpayers received the Agricultural Use Valuation and which did not, and the relief each class prayed for.

 Undoubtedly, the better practice is to recite the names of all the parties in the judgment, in accordance with Rule 306. Nevertheless, when, as here, the names of all the parties and the relief each is entitled to is easily ascertainable from the record, it would be a useless thing to remand the entire cause for the purpose of amending the judgment to include the names of all the parties. *Cf. Law v. Law*,

517 S.W.2d 379, 382–83 (Tex.Civ.App.–Austin 1974, writ dism'd w. o. j.) (divorce decree did not state for and against whom judgment was rendered); *Doornbos v. Looney*, 159 S.W.2d 155, 157 (Tex.Civ.App.–Beaumont 1942, writ ref'd w. o. m.) (judgment did not recite the findings of the jury as required by Rule 306 prior to 1971). Moreover, our rules of civil procedure provide an effective and convenient means of correcting a judgment that omits names or contains misrecitals. Rule 317 requires a trial court to correct such a judgment, upon application of a party to the suit. In the case at bar neither the defendant nor the appellants attempted to invoke Rule 317 in the court below to correct the omissions in the judgment. For the above–stated reasons point of error no. 3 is overruled.

The judgment of the trial court in favor of those plaintiffs who were granted the Agricultural Use Valuation is affirmed. The judgment of the trial court in favor of those plaintiffs who did not qualify for the Agricultural Use Valuation is reversed and the cause is remanded to the trial court for further proceedings consistent with the foregoing principles of law.

on a basis of one–third of its market value while all other property was assessed on a basis of 60 per cent of market value. The court held that the taxpayers could not complain since the discrimination was in their favor. *See id.* at 160.