**CRYSTAL CITY INDEPENDENT SCHOOL DISTRICT et al.,**
Appellants,

v.

**Robert S. CRAWFORD et al., Appellees.**

No. 16455.

Court of Civil Appeals of Texas,
San Antonio.

Dec. 31, 1980.

Rehearing Denied Feb. 25, 1981.

Peter Torres, Jr., San Antonio, Alonzo Villarreal, Jr., Uvalde, for appellants.

Edward Kliewer, III, Foster, Lewis, Langley, Gardner & Banack, San Antonio, for appellees.

## OPINION

KLINGEMAN, Justice.

This is a companion case to *Crystal City Independent School District v. Wagner*, 605 S.W.2d 743 (Tex.Civ.App.—San Antonio 1980, writ filed). The points of error and contentions made by appellant, Crystal City Independent School District, are virtually the same in both cases and the problems and questions before this court in *Wagner* and in this case are basically similar. In *Wagner*, we affirmed the judgment of the trial court in favor of those plaintiffs who were granted the Agricultural Use Valuation, and the judgment in favor of those plaintiffs who did not qualify for the Agricultural Use Valuation was reversed and the cause remanded to the trial court for further proceedings not inconsistent with such opinion.

This suit was brought by a number of plaintiffs to enjoin the collection of certain portions of the 1978 tax rolls of the Crystal City Independent School District. In the trial court the plaintiffs[1] sought: (a) a declaratory judgment that the tax scheme and the valuations made pursuant thereto were fundamentally illegal and void; (b) a writ of mandamus compelling the school district to accept the amounts tendered as a basis for plaintiffs' valuations; (c) as to the five plaintiffs who sought Agricultural Use Valuations, that taxes be based upon 60% of the productive value under Agricultural Use Valuation; and (d) any further relief to which plaintiffs might be entitled.

Both plaintiffs and defendant filed motions for summary judgment. The trial court overruled defendant's motion for summary judgment. The court granted plaintiffs' motion for summary judgment, and decreed that as to those plaintiffs whose property did not qualify for the Agricultural Use Valuation, the tax liability would be the market value testified to by plaintiffs before the Board of Equalization, but that as to those persons who received the Agricultural Use Valuation the value of the property would be based upon an assessment ratio of 60% of the productive value. From this judgment, the school district has perfected an appeal.

In reviewing an order granting a motion for summary judgment, all conflicts in evidence are disregarded, and the evidence which tends to support the position of the party opposing the motion is accepted as true. *Parrot v. Garcia*, 436 S.W.2d 897 (Tex.1969); *Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41 (Tex.1965). When two or more parties file motions for summary judgment and at least one is granted and the other overruled, we determine on appeal all questions presented, including the propriety of the order overruling the losing party's motion. *Texaco Inc. v. Great Southern Life Insurance Co.*, 590 S.W.2d 522 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ).

By its points of error, appellant complains that the trial court erred (a) in not granting appellant's motion for summary judgment, (b) in granting appellees' motion for summary judgment because there are genuine issues of fact, and (c) in granting a judg-

---

1. A number of taxpayers subsequently intervened. All references to the plaintiffs include the intervenors.

ment that does not set out the specific relief given to a named appellee.

The district's motion was based upon the pleadings and upon the affidavit of Matiana Tapia, the district's tax assessor-collector. Such affidavit stated that the Board of Equalization first met June 27, 1978, and that the plaintiffs were present either in person or by attorney; that no action was taken at that initial meeting; that plaintiffs were notified by certified mail of a subsequent meeting held July 20, 1978 (said letters dated July 15, 1978, addressed to six attorneys were attached to the affidavit); that notices of the meeting were posted (said notices were attached to the affidavit); that at the July 20, 1978, meeting the Board of Equalization reviewed the tax rolls and heard sworn testimony in support of those assessments; that plaintiffs were notified of the action of the Board by letter to their attorneys July 27, 1978; that plaintiffs were notified as to the reason some agricultural exemptions were rejected; that plaintiffs were notified they could contest the valuations at a meeting being held August 3, 1978; that notice of this meeting was posted; that a meeting was held August 18, 1978, which complied with the open meeting law, at which the Board completed its work and the tax rolls approved; that tax notices were sent to plaintiffs October 1, 1978; that those taxpayers who did not receive agricultural exemptions did not receive them because they did not timely file application or did not properly complete the exemption.

The motion for summary judgment filed by taxpayers was accompanied by the affidavit of Edward Kliewer, attorney for taxpayers. He stated that he appeared on behalf of the plaintiffs at the Board meetings held on June 27, 1978, and August 3, 1978; that all plaintiffs appeared either in person or by attorney at these two meetings and protested the valuation placed on their properties; that the only notices of the July 20, 1978, Board meeting were the letters of July 15, 1978, attached to Matiana Tapia's affidavit; that neither the taxpayers nor attorney appeared at the July 20, 1978, meeting; that no testimony was offered at the June 27, 1978, or August 3, 1978, meetings to refute the values at which taxpayers had rendered their property; that no notice of action taken by the Board was received until taxpayers received their tax statements; that taxpayers who were granted the agricultural exemption were taxed upon the basis of 100% of the productive value rather than the 60% assessment ratio; that taxpayers tendered what they assert to be the fair assessed valuation.

■ Appellant's contention that the trial court erred in not granting its motion for summary judgment is without merit. It is clear from the record before us that there are a number of issues including (a) sufficiency of notice, (b) increasing the valuation of property without hearing sworn testimony concerning the proper valuation of the property, and (c) assessing agricultural use valuation at full value when all other property was assessed at 60% of market value, which precludes appellant from receiving a summary judgment, either as a matter of law, or because of disputed issues of fact.

■ With regard to sufficiency of notice it is well settled that a taxpayer is entitled to notice and an opportunity to be heard before the taxing authority can raise valuations placed by the taxpayer upon his property. *City of Arlington v. Cannon*, 153 Tex. 566, 271 S.W.2d 414 (1954); *Ward County v. Wentz*, 69 S.W.2d 571 (Tex.Civ. App.—El Paso 1934, no writ); Tex.Rev.Civ. Stat.Ann. art. 1053 (Vernon 1963). Ordinarily, notice is a question of fact which is to be determined by the trier of fact; it becomes a question of law only where there is no room for ordinary minds to differ as to the proper conclusions to be drawn from the evidence. *Exxon Corp. v. Raetzer*, 533 S.W.2d 842 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.); *REA Express v. Missouri Pacific Railroad Co.*, 447 S.W.2d 721 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ ref'd n. r. e.). *See also Zavala County v. E.D.K. Ranches, Inc.*, 544 S.W.2d 484 (Tex.Civ.App.—San Antonio 1976, no writ); *Fayetteville Independent School District v. Crowley*, 528 S.W.2d 344 (Tex.Civ.

App.—Austin 1975, writ ref'd n. r. e.); *Seguin Independent School District v. Blumberg*, 402 S.W.2d 552 (Tex.Civ.App.—San Antonio 1966, writ ref'd n. r. e.).

With regard to agricultural use valuation, Section 1 of Article VIII of the Texas Constitution provides that all taxes shall be equal and uniform. It is undisputed that property which qualified for agricultural use exemption was assessed at full value while all other property was assessed at 60% of market value. The application of unequal assessment ratios by a taxing authority has been held to violate the constitutional provision above. *See Lively v. Missouri, Kansas & Texas Railway Co.,* 102 Tex. 545, 558, 120 S.W. 852, 856 (1909); *City of Houston v. Baker*, 178 S.W. 820, 823 (Tex.Civ.App.—Galveston 1915, writ ref'd).

■ The school district argues that the trial court's judgment should have been rendered without prejudice to its rights to reassess and value the property in accordance with the law. We agree. *See Republic Insurance Co. v. Highland Park Independent School District*, 141 Tex. 224, 171 S.W.2d 342 (1943); *Seguin Independent School District v. Blumberg, supra.* The trial court erred in holding that, as to the plaintiffs who did not receive the agricultural use valuation, the values rendered and testified to by the plaintiffs provide the basis upon which taxes are to be paid. *Crystal City Independent School District v. Wagner, supra.*

By one point of error the school district contends that the judgment failed to specify the specific relief given to a named plaintiff. This same point was raised in *Wagner*, the companion case, and we adhere to our holding and reasoning therein in overruling this point.

This court in *Wagner* discusses most of the problems here involved and reference is here made to our opinion in that case for other applicable authorities therein cited, and for all other pertinent purposes.

■ A more difficult question is presented as to the propriety of the trial court's granting appellee's motion for summary judgment.[2] This court in *Wagner*, in a basically similar case, legally and factually, affirmed the trial court's summary judgment in favor of those plaintiffs who were granted the agricultural use valuation, but the summary judgment of the trial court in favor of those plaintiffs who did not qualify for the agricultural use valuation was reversed and the cause remanded to the trial court for further proceedings not inconsistent with the opinion therein rendered.

After a careful review of the record, our opinion in *Wagner*, and the applicable authorities, we see no reason to distinguish this case from *Wagner* or to reach a different result. We have concluded that *Wagner* is here controlling, and we reach the same result as in *Wagner*.

The judgment of the trial court in favor of those plaintiffs who were granted the agricultural use valuation is affirmed. The judgment of the trial court in favor of those plaintiffs who did not qualify for the agricultural use valuation is reversed and the cause remanded for further proceedings not inconsistent with this opinion and the opinion handed down by this court in *Wagner*.

2. Appellant asserts that the court erred in granting appellee's motion for summary judgment because:

    a. Appellant's tax levy for the year 1978 was properly made;

    b. The tax plan for the year 1978 had gone into effect when this suit was filed and appellees failed to show substantial injury;

    c. Valuations were properly made at the Board of Equalization meetings of which Appellees had notice and such valuations were supported by sworn testimony;

    d. Appellant was not given the opportunity to reassess;

    e. Appellees failed to allege or prove a tender of taxes under their own valuations.